Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| GERALDINE M. ALAPECK, | : |
| Plaintiff, | : **No.:** 08 Civ 3077 |
| -against- | : |
| MERCK & CO., INC., | : **DECLARATION OF** |
| | : **VILIA B. HAYES** |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - x

VILIA B. HAYES declares as follows:

      1.     I am an attorney admitted to practice before this Court and a member with the firm of Hughes Hubbard & Reed LLP, attorneys for defendant Merck & Co., Inc. ("Merck"). As such, I am fully familiar with the facts set forth herein. I make this declaration based on my own personal knowledge and the business records of the Firm.

      2.     I make this declaration in support of the Motion of Defendant Merck & Co., Inc. to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation.

      3.     Attached hereto as Exhibit A is a true and correct copy of the "tag-along" letter dated April 1, 2008 to the Judicial Panel on Multi-District Litigation.

4.      Attached hereto as Exhibit B are true and correct copies of the Transfer Orders issued by the MDL Panel in MDL-1657, dated June 20, 2005, August 11, 2005, September 13, 2005, October 21, 2005, December 2, 2005, February 14, 2006, April 11, 2006, April 13, 2006, June 14, 2006, August 10, 2006, October 18, 2006, December 18, 2006, February 8, 2007, April 18, 2007, June 14, 2007, August 3, 2007, October 17, 2007, and February 11, 2008.

5.      Attached hereto as Exhibit C is a true and correct copy of the Order issued in *Denny v. Merck & Co., Inc.*, No. 04 Civ. 0526 (S.D. Tex. Dec. 6, 2004).

6.      Attached hereto as Exhibit D is a true and correct copy of the Memorandum and Order issued in *Aguilar v. Merck & Co., Inc.*, No. 05-CV-4865 (SJ) (E.D.N.Y. Nov. 22, 2005).

7.      Attached hereto as Exhibit E is a true and correct copy of the Order to Stay in *Campbell v. Merck & Co., Inc.*, No. 05-CV-6740L (W.D.N.Y. Mar. 1, 2006) and related cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_Vilia B. Hayes_
VILIA B. HAYES

Executed this
3rd day of April, 2008

# Exhibit A

# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

April 1, 2008

<u>VIA FEDERAL EXPRESS</u>

Jeffrey N. Lüthi, Esq.
Catherine Maida
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E. Room G-255, North Lobby
Washington, D.C. 20002-8004

Re:   In re: Vioxx® Marketing, Sales Practices and Products
      Liability Litigation, MDL Docket No. 1657

Dear Sir and Madam:

Pursuant to J.P.M.L. Rule 7.5(e), Merck hereby notifies the Panel of potential "tag-along actions." This letter is Merck's 308th notification of potential "tag-along actions" and includes cases that have recently been filed in or removed to federal court.[1] Courtesy copies of the complaints and docket sheets for these cases are enclosed.

1. *Alapeck v. Merck & Co., Inc. et al.,* C.A. No. 1:08-cv-03077 (S.D. N.Y.)
2. *Croft v. Merck & Co., Inc. et al.,* C.A. No. 1:08-cv-03078 (S.D. N.Y.)
3. *Dufresne v. Merck & Co., Inc. et al.,* C.A. No. 1:08-cv-03076 (S.D. N.Y.)
4. *Mahar v. Merck & Co., Inc. et al.,* C.A. No. 1:08-cv-03079 (S.D. N.Y.)
5. *Pitcher v. Merck & Co., Inc. et al.,* C.A. No. 1:08-cv-03075 (S.D. N.Y.)
6. *Raftis v. Merck & Co., Inc. et al.,* C.A. No. 1:08-cv-03067 (S.D. N.Y.)
7. *Santacrose v. Merck & Co., Inc. et al.,* C.A. No. 1:08-cv-03069 (S.D. N.Y.)
8. *Steinhoff et al., v. Merck & Co., Inc. et al.,* C.A. No. 1:08-cv-03074 (S.D. N.Y.)

Respectfully submitted,

Shawn McEnnis

SM/eas

Enclosures

---

1. In all these cases, Plaintiff dismissed the other pharmaceutical defendants before the cases were removed to S.D.N.Y.

# Exhibit B



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 23 P 12: 29

LORETTA G. WHYTE
CLERK

*DOCKET NO. 1657*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 0 2005

FILED
CLERK'S OFFICE

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE VIOXX PRODUCTS LIABILITY LITIGATION*

### *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL* AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the 34 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., opposes the motions and favors inclusion of these actions in the centralized pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

To the Kentucky plaintiff who argues that she does not have the resources to litigate this matter in the Eastern District of Louisiana, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. And it is logical to assume that prudent counsel will combine their forces and

---

* Judges Motz and Vratil took no part in the decision of this matter.

Fee ___
Proc ___
X Dktd ___
CtRmDep ___
Doc. No ___

M008D31960

- 2 -

A CERTIFIED TRUE COPY

JUN 2 5 ...

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with the uniform case management approach to pretrial matters instituted by the transferee judge will foreseeably lead to an overall savings in transaction costs to the litigants. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991).

To the Pennsylvania plaintiff who asserts that her action presents unique additional claims or factual questions rendering inclusion of the action in MDL-1657 unnecessary or inadvisable, and the Texas plaintiffs who argue against inclusion of their action in MDL-1657 because of the advanced stage of proceedings in this action, we believe that further refinement of the issues and close scrutiny by the transferee judge provide the better course. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that Panel Rule 1.6(a), R.P.J.P.M.L., 199 F.R.D. at 428, regarding transfer of files is suspended for this docket.[1]

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

[1] This Panel rule requires clerks of transferor district courts to forward to the clerk of the transferee district court the complete original file and docket sheet for each transferred action. Because of the voluminous files in this docket, we are suspending this rule. Instead, we will rely on the judgment of the transferee judge to request from the transferor district clerks or the parties whatever case files and docket sheets he needs.

M008D31961

## SCHEDULE A

### MDL-1657 -- In re Vioxx Products Liability Litigation

#### Middle District of Alabama

|  | EDLA SEC L/3 |
|---|---|
| *Yolanda King v. Merck & Co., Inc., et al.*, C.A. No. 2:05-165 | 05-2559 |

#### District of Arizona

| | |
|---|---|
| *Wayne Young v. Merck & Co., Inc.*, C.A. No. 2:05-307 | 05-2560 |

#### Middle District of Florida

| | |
|---|---|
| *Amparo Alvarez v. Merck & Co., Inc., et al.*, C.A. No. 6:05-171 | 05-1258 |
| *Nelson Oquendo, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-172 | 05-2561 |
| *Gloria Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 6:05-221 | 05-1259 |
| *Dallas Childers, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-222 | 05-1260 |
| *Maria Diaz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-239 | 05-1261 |
| *Brenda Jurado v. Merck & Co., Inc., et al.*, C.A. No. 8:05-224 | 05-1262 |
| *Felix Carvajal, et al. v. Merck & Co., Inc., et al.*, C.A. No. 8:05-276 | 05-1263 |

#### Northern District of Illinois

| | |
|---|---|
| *Kathleen Brown, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-1092 | 05-2562 |

#### Southern District of Illinois

| | |
|---|---|
| *Gerald Sumner, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-864 | 05-2563 |
| *Ida Akins v. Merck & Co., Inc., et al.*, C.A. No. 3:05-39 | 05-2564 |

#### Eastern District of Kentucky

| | |
|---|---|
| *Jacquelyn Washburn, etc. v. Merck & Co., Inc.*, C.A. No. 5:05-47 | 05-2565 |

M008D31962

- A2 -

| | EDLA SEC L/3 |
|---|---|
| **Eastern District of Missouri** | |
| *Theresa Tuma, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-83 | 05-2566 |
| *Celestine Dale, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-84 | 05-2567 |
| *Debra Raymo, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-85 | 05-2568 |
| *Vernon Andrews, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-86 | 05-2569 |
| *Carol Thomas, et al. v. Merck & Co., Inc, et al.,* C.A. No. 4:05-87 | 05-2570 |
| *Sammy L. Underwood, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-88 | 05-2571 |
| *Arline Anderson, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-89 | 05-2572 |
| *Edna McGhee, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-90 | 05-2573 |
| *Regina Menderski, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-92 | 05-2574 |
| *Mary Stewart, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-93 | 05-2575 |
| *Gloria Singleton, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-94 | 05-2576 |
| *Kenneth Britton, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-96 | 05-2577 |
| *James Cerutti, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-97 | 05-2578 |
| *Arthur Hale, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-300 | 05-2579 |
| *Marlene Harris, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-301 | 05-2580 |
| *Sineria Jones, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-303 | 05-2581 |
| *Lois Wolz, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-307 | 05-2582 |
| **Northern District of New York** | |
| *Richard F. Core, et al. v. Merck & Co., Inc., et al.,* C.A. No. 5:04-1367 | 05-2583 |
| **Northern District of Oklahoma** | |
| *Tommy Lee v. Merck & Co., Inc.,* C.A. No. 4:04-930 | 05-2584 |
| **Western District of Pennsylvania** | |
| *Judith E. Orie, M.D. v. Merck & Co. Inc.,* C.A. No. 2:04-1886 | 05-2585 |
| **Southern District of Texas** | |
| *Felicia Garza, et al. v. Merck & Co., Inc., et al.,* C.A. No. 7:05-17 | 05-2586 |

M008D31963

... (ignored)



A CERTIFIED TRUE COPY

AUG 1 1 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 15  AM 11: 56

LORETTA G. WHYTE
CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 1 2005

FILED
CLERK'S OFFICE

*DOCKET NO.*
*MDL 1657*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE VIOXX PRODUCTS LIABILITY LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the 30 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

To the Ohio plaintiff who argues that she does not have the resources to litigate this matter in the Eastern District of Louisiana, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. And it is logical to assume that prudent counsel will combine their forces and

---

* Judge Motz took no part in the decision of this matter.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

M00803 1964

- 2 -

A CERTIFIED TRUE COPY

apporton their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with the uniform case management approach already instituted by the transferee judge will foreseeably lead to an overall savings in these costs.

*In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1657 -- In re Vioxx Products Liability Litigation

| | EDLA SEC. L/3 |
|---|---|
| **Northern District of California** | |
| *Vick Kargodorian v. Merck & Co., Inc., et al.*, C.A. No. 3:05-937 | 05-3791 |
| *Nora Olson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-1256 | 05-3792 |
| **Southern District of California** | |
| *Robert V. Purcell v. Merck & Co., Inc., et al.*, C.A. No. 3:05-443 | 05-3793 |
| **District of Connecticut** | |
| *JoAnn Malek v. Eric Rosenberg, M.D., et al.*, C.A. No. 3:05-543 | 05-3794 |
| **Middle District of Florida** | |
| *Migna Serrano, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-170 | 05-3795 |
| *Conchita Merced-Torres, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-449 | 05-3796 |
| *Samuel Diaz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-472 | 05-3797 |
| *Wayne Vigil, et al. v. Merck & Co., Inc., et al.*, C.A. No. 8:05-223 | 05-3798 |
| **Southern District of Illinois** | |
| *Helen Wood v. Merck & Co., Inc., et al.*, C.A. No. 3:05-168 | 05-3799 |
| **Eastern District of Missouri** | |
| *Curt Meng, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-194 | 05-3800 |
| *Ronald Colbert, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-195 | 05-3801 |
| *Carver Black, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-297 | 05-3802 |
| *John Hodges, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-302 | 05-3803 |
| *Renee Lockett, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-304 | 05-3804 |
| *LeJuana Young, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-309 | 05-3805 |
| *Kathryn Pueser, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-430 | 05-3806 |
| *Chris Piechoinski, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-431 | 05-3807 |
| *Lorraine Phillip, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-433 | 05-3808 |
| *Barbara O'Bannon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-434 | 05-3809 |
| *Mary Miles, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-435 | 05-3810 |
| *Jeffrey McDaniel, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-436 | 05-3811 |
| *Louise McCarter, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-437 | 05-3812 |

M008D31966

- A2 -

|  | EDLA SEC. L/3 |
|---|---|
| **Eastern District of Missouri** [continued] | |
| *Norma Hubbard, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-438 | 05-3813 |
| *Delores Holmes, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-439 | 05-3814 |
| *Terry Frame, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-440 | 05-3815 |
| *Jane Cavins, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-441 | 05-3816 |
| *Charlesetta Butler, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-442 | 05-3817 |
| **Northern District of Ohio** | |
| *Kimberly Kaiser, et al. v. Merck & Co., Inc.*, C.A. No. 1:05-776 | 05-3818 |
| **Western District of Pennsylvania** | |
| *Mary Ellen Magnifico v. Merck & Co., Inc.*, C.A. No. 2:05-386 | 05-3819 |
| **Northern District of West Virginia** | |
| *William David Lough, et al. v. Merck & Co., Inc., et al.*, C.A. No. 5:05-34 | 05-3820 |

M008D31967

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 3 2005

FILED
CLERK'S OFFICE

**DOCKET NOS. 1657 & 1699**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE VIOXX PRODUCTS LIABILITY LITIGATION**
**IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**

*James Booker v. Merck & Co., Inc., et al., N.D. Texas, C.A. No. 3:05-496*

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D.**
**LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR.,**
**KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

**ORDER OF TRANSFER WITH SIMULTANEOUS**
**SEPARATION, REMAND AND TRANSFER**

Presently before the Panel are four motions relating to this Northern Texas action (*Booker*). The first motion is brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the *Booker* plaintiff seeking to vacate the Panel's MDL-1657 order conditionally i) transferring *Booker* to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in the Vioxx litigation; and ii) simultaneously separating and remanding claims relating to prescription medications Bextra and Celebrex (manufactured by Pfizer Inc. (Pfizer)) to the Northern District of Texas. The *Booker* health care defendants support this motion. Defendants Pfizer and Merck & Co., Inc. (Merck) oppose the motion and urge effectuation of the Panel's order.

Also before the Panel are three separate motions seeking centralization of *Booker* with other related actions in one federal district for coordinated or consolidated pretrial proceedings relating to Bextra and Celebrex.[1] The *Booker* plaintiff opposes inclusion of his action in any Bextra and/or Celebrex multidistrict proceedings. The *Booker* health care defendants oppose inclusion of *Booker*, or claims relating to Bextra and Celebrex in this action, in any multidistrict docket involving these latter claims. Pfizer opposes i) centralization of the Bextra and Celebrex products liability actions, and ii) inclusion of any Vioxx claims in *Booker* in any Bextra and Celebrex multidistrict proceedings. Merck favors inclusion of claims related to Pfizer's Bextra and Celebrex in *Booker* in multidistrict proceedings involving these medications.

On the basis of the papers filed and hearing session held, the Panel finds that *Booker* involves

---

[*] Judge Motz took no part in the decision of this matter.

[1] Two motions in MDL-1691 – *In re Bextra and Celebrex Products Liability Litigation* seek to include *Booker*, while a third motion seeks to include *Booker* in MDL-1699 – *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*.

M00DC31383

M008D31968

- 2 -

common questions of fact with i) actions in MDL-1657 previously transferred to the Eastern District of Louisiana, and ii) with actions in MDL-1699 recently centralized in the Northern District of California. The Panel further finds that transfer for inclusion in the coordinated or consolidated pretrial proceedings in those two districts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is also appropriate for reasons expressed by the Panel in its original orders directing centralization in those two dockets. In MDL-1657, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions relating to Vioxx. See In re Vioxx Products Liability Litigation, 360 F.Supp.2d 1352 (J.P.M.L. 2005). Similarly, the Panel held that the Northern District of California was a proper Section 1407 forum for actions relating to Bextra and/or Celebrex. See In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation, ___ F.Supp.2d ___; 2005 U.S. Dist. LEXIS ___ (J.P.M.L. Sept. 6, 2005). Plaintiff's motion to remand Booker to state court can, in appropriate parts, be presented to and decided by each of the transferee courts. See, e.g., In re Ivy, 901 F.2d 7 (2d Cir. 1990); In re Prudential Insurance Company of America Sales Practices Litigation, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

To the Booker plaintiff and the health care defendants who argue that it is not proper to split Booker into multiple pretrial proceedings and/or that they do not have the resources to separately litigate this matter, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee districts for depositions or otherwise. See, e.g., Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee districts. And it is logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with uniform case management approaches instituted or anticipated in these multidistrict proceedings will foreseeably lead to an overall savings in transaction costs. See In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp. 415, 422 (J.P.M.L. 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1657 – In re Vioxx Products Liability Litigation. The claims relating to Pfizer's Bextra and Celebrex prescription medications are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Northern District of Texas.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the resulting Texas action involving claims relating to Bextra and Celebrex is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1699 – In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman



A CERTIFIED TRUE COPY

OCT 2 1 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    OCT 2 7 2005

LORETTA G. WHYTE
CLERK

DOCKET NO. 1657

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 1 2005

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE VIOXX PRODUCTS LIABILITY LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the health care defendant in the Southern Texas action and plaintiffs in the remaining 47 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

To the North Carolina plaintiff who argues that he does not have the resources to litigate his claims in the Eastern District of Louisiana and to the health care defendant in the Southern Texas action who argues that it is not proper to split the Texas action into multiple pretrial proceedings, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee districts for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering

---

* Judge Motz took no part in the decision of this matter.

___ Fee_____
_X_ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

M008031970

- 2 -

A CERTIFIED TRUE COPY

committees will eliminate the need for most counsel ever to travel to the transferee districts. And it is logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This economy combined with uniform case management approaches instituted or anticipated in these multidistrict proceedings will foreseeably lead to an overall savings in transaction costs. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT FURTHER ORDERED that the claims against Pfizer Inc. (Pfizer) and the physician defendant in *Santos Villarreal Layton v. Dario Arango, M.D., et al.*, S.D. Texas, C.A. No. 7:05-149, relating to Pfizer's Celebrex prescription medication are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Southern District of Texas.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

M008D31971

## SCHEDULE A

<u>MDL-1657 – In re Vioxx Products Liability Litigation</u>

<table>
<tr><td>Southern District of California</td><td>EDLA<br>SEC. L/3</td></tr>
<tr><td><i>Alvin Williams v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-943</td><td>05-5272</td></tr>
<tr><td><i>Margaret Stein v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-944</td><td>05-5273</td></tr>
<tr><td><i>Otis Anderson v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-945</td><td>05-5274</td></tr>
<tr><td><i>Joan Ongley v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-947</td><td>05-5275</td></tr>
<tr><td><i>Hilda Armenta v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-948</td><td>05-5276</td></tr>
<tr><td><i>Robert Levesque v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-949</td><td>05-5277</td></tr>
<tr><td><i>Clancy Lucille Holloway v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-950</td><td>05-5278</td></tr>
<tr><td><i>Laura Martinez v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-951</td><td>05-5279</td></tr>
<tr><td><i>Clarice Forbes v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-953</td><td>05-5280</td></tr>
<tr><td><i>Robert Castro v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-954</td><td>05-5281</td></tr>
<tr><td><i>Joseph Capozzi v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-957</td><td>05-5282</td></tr>
<tr><td><i>Anna Lemmons v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-958</td><td>05-5283</td></tr>
<tr><td><i>Richard Brown v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-959</td><td>05-5284</td></tr>
<tr><td><i>Aida Hernandez v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-960</td><td>05-5285</td></tr>
<tr><td><i>Harvey Persh v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-961</td><td>05-5286</td></tr>
<tr><td><i>Robert Scott v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-962</td><td>05-5287</td></tr>
<tr><td><i>Violet Abramson v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-963</td><td>05-5288</td></tr>
<tr><td><i>Carmen Esquer v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-964</td><td>05-5289</td></tr>
<tr><td>Southern District of Illinois</td><td></td></tr>
<tr><td><i>Rosie-May Spann v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-315</td><td>05-5290</td></tr>
<tr><td><i>James Steele, Jr., et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-339</td><td>05-5291</td></tr>
<tr><td><i>Greg Miller, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-361</td><td>05-5292</td></tr>
<tr><td><i>Wilma Gaston, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-362</td><td>05-5293</td></tr>
<tr><td><i>John Allen, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-377</td><td>.05-5294</td></tr>
<tr><td>Western District of Kentucky</td><td></td></tr>
<tr><td><i>William Andrew Curl, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-324</td><td>05-5295</td></tr>
<tr><td><i>Brenda Cox, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-332</td><td>05-5296</td></tr>
<tr><td><i>Patrick Wayne Overall, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-333</td><td>05-5297</td></tr>
<tr><td><i>James Goodman v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-334</td><td>05-5298</td></tr>
<tr><td><i>Steven Clark v. Merck & Co., Inc., et al.</i>, C.A. No. 3:05-335</td><td>05-5299</td></tr>
<tr><td>Eastern District of Missouri</td><td></td></tr>
<tr><td><i>Dorothy Ganser, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 4:05-557</td><td>05-5300</td></tr>
<tr><td><i>Letty Bess, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 4:05-568</td><td>05-5301</td></tr>
<tr><td><i>Arthur Mullins, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 4:05-569</td><td>05-5302</td></tr>
<tr><td><i>Dorothy Kassing, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 4:05-631</td><td>05-5303</td></tr>
<tr><td><i>Shirley Zook, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 4:05-632</td><td>05-5304</td></tr>
<tr><td><i>Andrew Kisty, et al. v. Merck & Co., Inc., et al.</i>, C.A. No. 4:05-665</td><td>05-5305</td></tr>
</table>

M008D31972

- A2 -

**Eastern District of Missouri** (Continued)

EDLA
SEC. L/3

| | |
|---|---|
| *Virginia Kell, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-666 | 05-5306 |
| *Mary Benson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-668 | 05-5307 |
| *Earlie Douglas, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-669 | 05-5308 |
| *Ricardo Lara, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-671 | 05-5309 |
| *Loretta Trinidad, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-673 | 05-5310 |
| *David Moultrie, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-674 | 05-5311 |
| *Irene Rogers, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-675 | 05-5312 |
| *Charlotte Bohlke, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-837 | 05-5313 |

**Middle District of North Carolina**

*Jimmy Reid v. Merck & Co., Inc.*, C.A. No. 1:05-348

05-5314

**Eastern District of Texas**

*Elfriede Blacketer v. Merck & Co., Inc., et al.*, C.A. No. 1:05-336      05-5315
*Walter Maddox v. Merck & Co., Inc., et al.*, C.A. No. 1:05-338      05-5316

**Southern District of Texas**

*Santos Villarreal Layton v. Dario Arango, M.D., et al.*, C.A. No. 7:05-149      05-5317

**Western District of Washington**

*Robert K. Waitt v. Merck & Co., Inc., et al.*, C.A. No. 2:05-759      05-5318

**Northern District of West Virginia**

*Shelia Dalgo v. Merck & Co., Inc.*, C.A. No. 5:05-48      05-5319

M008031973

A CERTIFIED TRUE COPY

DEC + 2 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -5 PM 1:08

LORETTA G. WHYTE
DOCKET NO. 1657

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 2 2005

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by a health care defendant in the Southern District of Texas action and plaintiffs in the remaining actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. See, e.g., In re Ivy, 901 F.2d 7 (2d Cir. 1990); In re Prudential Insurance Company of America Sales Practices Litigation, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. See In re Vioxx Products Liability Litigation, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

The opposing Tennessee plaintiff and the Texas health care defendant argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1657 proceedings. We are unpersuaded by these arguments. Inclusion of these actions in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, In re Multi-Piece Rim Products

---

* Judge Motz took no part in the decision of this matter.

Fee
Process
X Dktd
CtRmDep
Doc. No

M008031974

- 2 -

A CERTIFIED TRUE COPY

DEC 9 - 2003

*Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 152 F.Supp.2d 1378, 1380 (J.P.M.L. 2001). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1657 -- In re Vioxx Products Liability Litigation</u>

EDLA
Sect. L/3

<u>Southern District of Alabama</u>

*Marquerite Woods v. Merck & Co., Inc., et al.*, C.A. No. 2:05-425          05-6339

<u>Middle District of Florida</u>

*Barbara Fowler-Browning, et al. v. Merck & Co, Inc., et al.*, C.A. No. 3:05-586          05-6340

<u>Northern District of Illinois</u>

*James Zafiratos v. Merck & Co., Inc., et al.*, C.A. No. 1:05-3784          05-6341

<u>Southern District of Illinois</u>

*Stanley Hayes v. Merck & Co., Inc., et al.*, C.A. No. 3:05-450          05-6342
*Clara Kirkendall v. Merck & Co., Inc., et al.*, C.A. No. 3:05-562          05-6343
*Mary Hardin v. Merck & Co., Inc., et al.*, C.A. No. 3:05-563          05-6344

<u>Western District of Kentucky</u>

*Lots Hammond, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-351          05-6345

<u>Eastern District of Missouri</u>

*Harriet Aldridge, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-847          05-6346
*Mona Swint, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-879          05-6347
*Sam Fife, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-880          05-6348
*Vanita Copeland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-881          05-6349

<u>District of Nevada</u>

*Duane Allen Carlson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-599          05-6350
*Nina Baker, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-625          05-6351
*Daniel Morrison, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-627          05-6352
*Sharon Himmel, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-334          05-6353
*Sean Regan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-336          05-6354

<u>Western District of New York</u>

*Lynn Krieger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6338          05-6355

<u>District of Oregon</u>

*Wayne S. Harger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6184          05-6356

M008D31976

- A2 -

Eastern District of Tennessee

*Louise Denton v. Merck & Co., Inc.*, C.A. No. 2:05-170

EDLA
Sect. L/3

05-6357

Southern District of Texas

*Jackie Roberts, etc. v. Juan Marcos Garcia, M.D., et al.*, C.A. No. 1:05-210

05-6358

M008D31977

A CERTIFIED TRUE COPY

FEB 1 7 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
JUDICIAL PANEL ON
U.S DISTRICT COURT
MULTIDISTRICT LITIGATION
EASTERN DISTRICT OF LA

FEB 1 4 2006

2006 FEB 15 PM 3: 14

FILED
CLERK'S OFFICE

LORETTA G. WHYTE
CLERK

*DOCKET NO. 1657*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

SECT. L MAG 3

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 80 actions and by health care defendants in the District of Massachusetts action and the Western District of Texas action to vacate the Panel's orders conditionally transferring the actions listed on Schedule A to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

Some opposing plaintiffs and the health care defendants argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1657 proceedings. We are unpersuaded by these arguments. Inclusion of these actions in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters;

---

* Judge Motz took no part in the decision of this matter.

Fee_____
Process_____
X Dktd_____
X CtRmDep_____
Doc. No_____

M00BD31976

- 2 -

2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 152 F.Supp.2d 1378 (J.P.M.L. 2001). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L.,199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation</u>

| | EDLA SEC. L/3 |
|---|---|
| <u>Middle District of Alabama</u> | |
| *Theatus Rawdon Beaty v. Merck & Co., Inc., et al.*, C.A. No. 2:05-880 | 06-722 |
| <u>Southern District of Illinois</u> | |
| *Elvin Elswick v. Merck & Co., Inc., et al.*, C.A. No. 3:05-645 | 06-723 |
| *Stanely McNulty v. Merck & Co., Inc., et al.*, C.A. No. 3:05-661 | 06-724 |
| *Gary Grizzell v. Merck & Co., Inc., et al.*, C.A. No. 4:05-4170 | 06-725 |
| <u>Eastern District of Kentucky</u> | |
| *Ronald E. Smith, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-68 | 06-726 |
| *James Parsons, et al. v. Merck & Co., Inc.*, C.A. No. 5:05-412 | 06-727 |
| *Gene Patterson, et al. v. Merck & Co., Inc.*, C.A. No. 5:05-413 | 06-728 |
| *Maudie F. Jones, et al. v. Merck & Co., Inc.*, C.A. No. 5:05-425 | 06-729 |
| *Gerlene Stacy v. Merck & Co., Inc.*, C.A. No. 6:05-525 | 06-730 |
| *Bonnie Engle v. Merck & Co., Inc.*, C.A. No. 6:05-565 | 06-731 |
| *James T. Bevins, et al. v. Merck & Co., Inc.*, C.A. No. 7:05-317 | 06-732 |
| *James Howell, et al. v. Merck & Co., Inc.*, C.A. No. 7:05-330 | 06-733 |
| <u>Western District of Kentucky</u> | |
| *Elvis Meadors v. Merck & Co., Inc., et al.*, C.A. No. 1:05-136 | 06-734 |
| *Harold Reiser v. Merck & Co., Inc., et al.*, C.A. No. 1:05-156 | 06-735 |
| *James W. Thompson, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-549 | 06-736 |
| *Jerry W. Kinslow, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-550 | 06-737 |
| *Carl D. Mahan, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-565 | 06-738 |
| *Samuel Bain, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-566 | 06-739 |
| *Wenceslaus Klimesh, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-568 | 06-740 |
| *Glen Kelly v. Merck & Co., Inc.*, C.A. No. 3:05-569 | 06-741 |
| *Barry M. Kinslow v. Merck & Co., Inc.*, C.A. No. 3:05-570 | 06-742 |
| *Barbara A. Reeves, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-571 | 06-743 |
| *Betty Wooldridge, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-572 | 06-744 |
| *Bernice Eversole, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-573 | 06-745 |
| *Earl G. Crank, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-581 | 06-746 |
| *Phillip Metcalf, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-582 | 06-747 |
| *Allen Dowell, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-585 | 06-748 |
| *Lois Zoll v. Merck & Co., Inc.*, C.A. No. 3:05-586 | 06-749 |
| *Helen Dennison v. Merck & Co., Inc.*, C.A. No. 3:05-587 | 06-750 |
| *Lana Yaggie, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-588 | 06-751 |
| *Kim Young, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-589 | 06-752 |
| *William E. Garrett, et al. v Merck & Co., Inc.*, C.A. No. 3:05-590 | 06-753 |

M008D31990

- A2 -

| | EDLA<br>SEC. L/3 |
|---|---|
| <u>Western District of Kentucky</u> (continued) | |
| *William M. Adams, Jr., et al. v. Merck & Co., Inc.*, C.A. No. 3:05-591 | 06-754 |
| *Linda Howard, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-592 | 06-755 |
| *Richard Wigginton, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-593 | 06-756 |
| *Sharon McDonald v. Merck & Co., Inc., et al.*, C.A. No. 3:05-595 | 06-757 |
| *Dennie Miller, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-600 | 06-758 |
| *David G. Thomas v. Merck & Co., Inc.*, C.A. No. 3:05-601 | 06-759 |
| *George R. Hubbard, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-602 | 06-760 |
| *Joseph E. Newton, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-603 | 06-761 |
| *Elmer Smith, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-605 | 06-762 |
| *Violet Bailey, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-606 | 06-763 |
| *Joyce Skillman v. Merck & Co., Inc.*, C.A. No. 3:05-607 | 06-764 |
| *Charles Ball, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-608 | 06-765 |
| *Lucky Daniels, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-609 | 06-766 |
| *Lovell S. Cottrell, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-610 | 06-767 |
| *Charles Orange, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-615 | 06-768 |
| *Earl J. Estep, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-616 | 06-769 |
| *Michael T. Mooney, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-617 | 06-770 |
| *Juanita King v. Merck & Co., Inc.*, C.A. No. 3:05-618 | 06-771 |
| *Marjorie Staten, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-619 | 06-772 |
| *Bernard Griffin, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-620 | 06-773 |
| *Anthony Long, etc. v. Merck & Co., Inc.*, C.A. No. 3:05-621 | 06-774 |
| *Cleo D. Gilbert, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-622 | 06-775 |
| *Vanessa Wisenbaler v. Merck & Co., Inc.*, C.A. No. 3:05-626 | 06-776 |
| *Charles Nantz, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-627 | 06-777 |
| *Annie Hendrix v. Merck & Co., Inc.*, C.A. No. 3:05-628 | 06-778 |
| *Carolyn A. Ward v. Merck & Co., Inc.*, C.A. No. 3:05-629 | 06-779 |
| *William E. Kaufman, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-630 | 06-780 |
| *Donna C. Russel, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-631 | 06-781 |
| *Delbert Rakes, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-632 | 06-782 |
| *Timmy Glass, et al. v. Merck & Co., Inc.. et al.*, C.A. No. 3:05-646 | 06-783 |
| <u>District of Massachusetts</u> | |
| *Kathleen Martin v. Merck & Co., Inc., et al.*, C.A. No. 1:05-11716 | 06-784 |
| <u>Eastern District of Missouri</u> | |
| *Michael Elder, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1268 | 06-785 |
| *Nina Cook, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1272 | 06-786 |
| *George Lukins, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1273 | 06-787 |
| *Tyrone Dawson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1291 | 06-788 |
| *Evelyn Light, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1463 | 06-789 |
| *Fulton Lacy, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1465 | 06-790 |

M008D31981

- A3 -

| | EDLA SEC. L/3 |
|---|---|
| **Eastern District of Missouri** (continued) | |
| *Roberta Sterling, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-1466 | 06-791 |
| *Betty Jean Gant et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-1490 | 06-792 |
| *Jane Latham, et al. v. Merrck & Co., Inc., et al.,* C.A. No. 4:05-1491 | 06-793 |
| *Jefferson Euell, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-1497 | 06-794 |
| *Barbara Gustin, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-1514 | 06-795 |
| *Martin Zide, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-1520 | 06-796 |
| *Ginger Hugo, et al. v. Merck & Co., Inc., et al.,* C.A. No. 4:05-1557 | 06-797 |
| **Western District of Missouri** | |
| *Jimmie Collins v. Merck & Co., Inc., et al.,* C.A. No. 3:05-5142 | 06-798 |
| **Southern District of New York** | |
| *Douglas A. Spalter, et al. v. Merck & Co., Inc., et al.,* C.A. No. 1:05-7301 | 06-799 |
| **Western District of New York** | |
| *Brian North v. Merck & Co., Inc., et al.,* C.A. No. 6:05-6475 | 06-800 |
| **Eastern District of Tennessee** | |
| *James E. Queen, et al. v. Merck & Co., Inc.,* C.A. No. 1:05-283 | 06-801 |
| **Western District of Texas** | |
| *Sulema L. Banda, et al. v. Merck & Co., Inc., et al.,* C.A. No. 5:05-950 | 06-802 |

M008D31982

A CERTIFIED TRUE COPY

APR 11 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 12 PM 3: 48

LORETTA G. WHYTE
CLERK
DOCKET NO. 1657

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 11 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

### BEFORE WM. TERRELL HODGES,* CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 94 actions and by health care defendants in the Northern District of Ohio action to vacate the Panel's orders conditionally transferring the actions listed on Schedule A to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings. Medco Health Solutions, Inc., supports inclusion of the Western District of Kentucky action in which it is a defendant in MDL-1657.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending or anticipated motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

Some opposing plaintiffs and the health care defendants argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1657 proceedings. We are unpersuaded by these arguments. Inclusion of these actions in Section 1407 proceedings has the salutary effect of placing all the related actions before a single

---

* Judges Hodges and Motz took no part in the decision of this matter.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

M008031983

- 2 -

judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 152 F.Supp.2d 1378 (J.P.M.L. 2001). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Keenan
Acting Chairman

## SCHEDULE A

<u>MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation</u>

| | EDLA SEC. L/3 |
|---|---|
| **Middle District of Alabama** | |
| *Michael D. May v. Merck & Co., Inc., et al.*, C.A. No. 3:05-998 | 06-1889 |
| **Eastern District of California** | |
| *Clara Puma v. Merck & Co., Inc., et al.*, C.A. No. 2:05-2203 | 06-1890 |
| *Vance Skillsky v. Merck & Co, Inc, et al.*, C.A. No. 2:05-2218 | 06-1891 |
| *Clayton Welch v. Merck & Co., Inc., et al.*, C.A. No. 2:05-2267 | 06-1892 |
| **Northern District of California** | |
| *Charles Axworthy, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-4646 | 06-1893 |
| *Luisa Greer, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-4657 | 06-1894 |
| **Middle District of Florida** | |
| *Michael C. Richardson v. Merck & Co., Inc., et al.*, C.A. No. 3:05-1193 | 06-1895 |
| **Southern District of Illinois** | |
| *Gloria Jackson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-822 | 06-1896 |
| *Barbara Allen, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-841 | 06-1897 |
| *Barbara Beyer v. Merck & Co., Inc., et al.*, C.A. No. 3:05-865 | 06-1898 |
| **Eastern District of Kentucky** | |
| *Brenda Sparks, et al. v. Merck & Co., Inc.*, C.A. No. 0:05-201 | 06-1899 |
| *Kenneth Michael Short, et al. v. Merck & Co., Inc.*, C.A. No. 5:05-426 | 06-1900 |
| *Lawrence K. Butcher v. Merck & Co., Inc.*, C.A. No. 6:05-570 | 06-1901 |
| *Jerry Anderson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-573 | 06-1902 |
| *John Mullins, et al. v. Merck & Co., Inc.*, C.A. No. 6:05-586 | 06-1903 |
| *Juanetta Bush, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-587 | 06-1904 |
| **Western District of Kentucky** | |
| *Debra Humburg, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-173 | 06-1905 |
| *James L. Bragg, Jr., etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-175 | 06-1906 |
| *Riley Wells v. Merck & Co., Inc., et al.*, C.A. No. 1:05-177 | 06-1907 |
| *Patricia Oakes, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-178 | 06-1908 |
| *Dorothy Payne, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-179 | 06-1909 |
| *Ethel Wolf v. Merck & Co., Inc., et al.*, C.A. No. 1:05-180 | 06-1910 |

M00BD31985

- A2 -

<u>Western District of Kentucky</u> (Continued)

| | |
|---|---|
| *John Nowak, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-181 | 06-1911 |
| *Randall Pyles, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-186 | 06-1912 |
| *Thelma Jean Phillips, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-200 | 06-1913 |
| *Carey L. Mynhier, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-633 | 06-1914 |
| *William Clayton, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-637 | 06-1915 |
| *Charles Schultise v. Merck & Co., Inc.*, C.A. No. 3:05-638 | 06-1916 |
| *Margaret Vandivier v. Merck & Co., Inc.*, C.A. No. 3:05-639 | 06-1917 |
| *Mary E. Lester v. Merck & Co., Inc.*, C.A. No. 3:05-640 | 06-1918 |
| *Sabina Chambers v. Merck & Co., Inc.*, C.A. No. 3:05-641 | 06-1919 |
| *Richard W. Allen, Sr., et al. v. Merck & Co., Inc.*, C.A. No. 3:05-643 | 06-1920 |
| *Glendon Dixon v. Merck & Co., Inc.*, C.A. No. 3:05-644 | 06-1921 |
| *Jeffrey Joyce v. Merck & Co., Inc.*, C.A. No. 3:05-645 | 06-1922 |
| *James A. Daniels et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-651 | 06-1923 |
| *Lawrence Shepherd, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-652 | 06-1924 |
| *Pamela Winters, etc. v. Merck & Co., Inc.*, C.A. No. 3:05-654 | 06-1925 |
| *Jennifer M. Popp, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-655 | 06-1926 |
| *Isabella B. Cummings, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-657 | 06-1927 |
| *Fleam Leach v. Merck & Co., Inc.*, C.A. No. 3:05-660 | 06-1928 |
| *Tim Ellis, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-661 | 06-1929 |
| *Barbara Keeling v. Merck & Co., Inc.*, C.A. No. 3:05-662 | 06-1930 |
| *Marlynn Fox, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-663 | 06-1931 |
| *Sue R. Gardner, etc. v. Merck & Co., Inc.*, C.A. No. 3:05-664 | 06-1932 |
| *Tina Day v. Merck & Co., Inc., et al.*, C.A. No. 3:05-665 | 06-1933 |
| *Hazel McKee, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-666 | 06-1934 |
| *Olando Simpson, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-667 | 06-1935 |
| *Michael F. Simpson, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-668 | 06-1936 |
| *Susan Walker, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-670 | 06-1937 |
| *Daniel Ryan v. Merck & Co., Inc., et al.*, C.A. No. 3:05-671 | 06-1938 |
| *Sharon Schafer, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-672 | 06-1939 |
| *Joan Anne Schwartz, etc. v. Merck & Co., Inc.*, C.A. No. 3:05-673 | 06-1940 |
| *Perry Schneider, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-674 | 06-1941 |
| *Mary Louise Schmidt, etc. v. Merck & Co., Inc.*, C.A. No. 3:05-675 | 06-1942 |
| *Manson Whelan v. Merck & Co., Inc.*, C.A. No. 3:05-676 | 06-1943 |
| *David G. Thomas v. Merck & Co., Inc.*, C.A. No. 3:05-677 | 06-1944 |
| *A. Walter Tyson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-678 | 06-1945 |
| *Daniel Gill v. Merck & Co., Inc., et al.*, C.A. No. 3:05-679 | 06-1946 |
| *Carl Ansert, Jr., et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-680 | 06-1947 |
| *Onna James, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-684 | 06-1948 |
| *Garlin Cupp, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-686 | 06-1949 |
| *Martha Sue Taylor v. Merck & Co., Inc., et al.*, C.A. No. 3:05-692 | 06-1950 |
| *Sarah E. Nichols, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-693 | 06-1951 |
| *William Mohon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-694 | 06-1952 |
| *Scarleta Macy, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-695 | 06-1953 |

- A3 -

### Western District of Kentucky (Continued)

| | |
|---|---|
| *Shannon M. Age, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-696 | 06-1954 |
| *Faye Byers, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-711 | 06-1955 |
| *Dora Gorman, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-712 | 06-1956 |
| *Cleo D. Gilbert, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-713 | 06-1957 |
| *Lorenia Henson, etc. v. Merck & Co., Inc.*, C.A. No. 3:05-714 | 06-1958 |
| *Darrell G. Moore, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-715 | 06-1959 |
| *Billy Joe Logsdon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-717 | 06-1960 |
| *Kathryn O'Neill v. Merck & Co., Inc., et al.*, C.A. No. 3:05-718 | 06-1961 |
| *Paul E. Mangeot, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-719 | 06-1962 |
| *Millard T. Shepherd v. Merck & Co., Inc.*, C.A. No. 3:05-724 | 06-1963 |
| *Luther B. Yount, Jr., et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-729 | 06-1964 |
| *Ellen Rittenhouse, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-731 | 06-1965 |
| *Ola Nelson v. Merck & Co., et al.*, C.A. No. 5:05-206 | 06-1966 |
| *Michael E. Wilson v. Merck & Co., Inc., et al.*, C.A. No. 5:05-210 | 06-1967 |
| *Wanda Sue Parker, et al. v. Merck & Co., Inc., et al.*, C.A. No. 5:05-212 | 06-1968 |

### Eastern District of Missouri

| | |
|---|---|
| *Alene Schwent, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1745 | 06-1969 |
| *James Coleman v. Merck & Co., Inc.*, C.A. No. 4:05-1944 | 06-1970 |
| *Robert Ruzicka, et al. v. Merck & Co., Inc.*, C.A. No. 4:05-1945 | 06-1971 |
| *Thelma Zimmerman, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1955 | 06-1972 |
| *Samella Butler, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1956 | 06-1973 |
| *Steve Pickard, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1969 | 06-1974 |
| *Martha Maxwell, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1970 | 06-1975 |
| *Roy Lacey, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1977 | 06-1976 |
| *Brian Lawson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-2046 | 06-1977 |
| *Joy Cora v. Merck & Co., Inc., et al.*, C.A. No. 4:05-2225 | 06-1978 |

### Western District of Missouri

| | |
|---|---|
| *John Webster, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1035 | 06-1985 |

### Southern District of New York

| | |
|---|---|
| *Jose Rivera, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-9383 | 06-1986 |

### Northern District of Ohio

| | |
|---|---|
| *William Jeffries, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-2547 | 06-1987 |

M008D31987

- A4 -

Eastern District of Tennessee

*James E. Queen, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-306        06-1988

Middle District of Tennessee

*Ruth Faulkner, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-1006        06-1989

M008D31988

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 3 2006

FILED
CLERK'S OFFICE

*DOCKET NOS. 1657 & 1699*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION*
*IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES,* CHAIRMAN, JOHN F. KEENAN, D.
LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR.,
KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*ORDER OF TRANSFER WITH SIMULTANEOUS
SEPARATION, REMAND AND TRANSFER*

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 41 actions listed on Schedule A to vacate the Panel's orders conditionally i) transferring these actions involving the prescription medication Vioxx (manufactured by Merck & Co., Inc. (Merck)) to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in MDL-1657; ii) simultaneously separating and remanding claims in these actions relating to prescription medications Bextra and Celebrex (manufactured by Pfizer Inc. (Pfizer)) to their respective transferor districts; and iii) transferring the resulting Bextra/Celebrex actions to the Northern District of California for inclusion in MDL-1699 pretrial proceedings. Defendants Pfizer, Pharmacia Corp., G.D. Searle LLC and Merck oppose these motions and urge effectuation of the Panel's orders.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with i) actions in MDL-1657 previously transferred to the Eastern District of Louisiana, and ii) actions in MDL-1699 similarly centralized in the Northern District of California. The Panel further finds that transfer for inclusion in the coordinated or consolidated pretrial proceedings in those two districts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is also appropriate for reasons expressed by the Panel in its original orders directing centralization in these two dockets. In MDL-1657, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions relating to Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005). Likewise, the Panel held that the Northern District of California was a proper Section 1407 forum for actions relating to Bextra and/or Celebrex. *See In re Bextra and Celebrex Marketing, Sales Practices and Products*

---

* Judges Hodges and Motz took no part in the decision of this matter.

M00DC31407

M008D31989

- 2 -

*Liability Litigation*, 391 F.Supp.2d 1377 (J.P.M.L. 2005). Pending motions to remand these actions to state court can, in appropriate parts, be presented to and decided by each of the transferee courts. *See; e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Some opposing plaintiffs argue that separation and transfer of these claims for inclusion in MDL-1657 and MDL-1699 will foster inefficiency and inconsistency and/or disrupt ongoing related state court proceedings. We are unpersuaded by these arguments. *See In re Vioxx Marketing, Sales Practices and Products Liability Litigation/In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*, ___ F.Supp.2d ___, 2006 WL 461029 (J.P.M.L. Feb. 15, 2006).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1657 – *In re Vioxx Marketing, Sales Practices and Products Liability Litigation*. The claims relating to Pfizer's Bextra and Celebrex prescription medications are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to their respective transferor courts.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the resulting actions involving claims relating to Bextra and Celebrex are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1699 – *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*.

FOR THE PANEL:

John F. Keenan
Acting Chairman

Schedule A

MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation
MDL-1699 -- In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

### Eastern District of California

Barbara Hacker v. Merck & Co., Inc., et al., C.A. No. 2:05-2193
Christopher Leeson v. Merck & Co., Inc., et al., C.A. No. 2:05-2240

### Western District of Kentucky

Rhoda Overstreet v. Merck & Co., Inc., et al., C.A. No. 3:05-561
Randall R. Jackson, et al. v. Merck & Co., Inc., et al., C.A. No. 3:05-562
Bonnie Mullins, et al. v. Merck & Co., Inc., et al., C.A. No. 3:05-577
Ernest D. Weber, Jr., et al. v. Merck & Co., Inc., et al., C.A. No. 3:05-623
Robert Manley, et al. v. Merck & Co., Inc., et al., C.A. No. 3:05-656
Harold Thomas, et al. v. Merck & Co., Inc., et al., C.A. No. 3:05-669
Joan O'Bryan, etc. v. Merck & Co., Inc., et al., C.A. No. 3:05-669
Doyle A. Coen, et al. v. Merck & Co., Inc., et al., C.A. No. 3:05-681
Johnnie Anderson, etc. v. Merck & Co., Inc., et al., C.A. No. 3:05-682
Galen Noe, et al. v. Merck & Co., Inc., et al., C.A. No. 3:05-685
Cathy Groce Stearns, etc. v. Merck & Co., Inc., et al., C.A. No. 3:05-700
Natella Koye Cox v. Merck & Co., Inc., et al., C.A. No. 3:05-710
Robert Sampson v. Merck & Co., Inc., et al., C.A. No. 3:05-716
Douglas Adams, et al. v. Merck & Co., Inc., et al., C.A. No. 3:05-722
C.A. No. 3:05-723

### Eastern District of Missouri

Lonnie Case v. Merck & Co., Inc., et al., C.A. No. 4:05-1562
Jessie Abbott v. Merck & Co., Inc., et al., C.A. No. 4:05-1563
Bertha Armstead v. Merck & Co., Inc., et al., C.A. No. 4:05-1564
Berlin Jenkerson v. Merck & Co., Inc., et al., C.A. No. 4:05-1565
David Wagner v. Merck & Co., Inc., et al., C.A. No. 4:05-1590
John Kaczmarczyk v. Merck & Co., Inc., et al., C.A. No. 4:05-1592
Jerry M. Dance v. Merck & Co., Inc., et al., C.A. No. 4:05-1666
Doris Crenshaw v. Merck & Co., Inc., et al., C.A. No. 4:05-1669
Jeanette Lasky v. Merck & Co., Inc., et al., C.A. No. 4:05-1741
Francesca A. Salmieri v. Merck & Co., Inc., et al., C.A. No. 4:05-1744
Vincent Calamia v. Merck & Co., Inc., et al., C.A. No. 4:05-1746
Thomas Kasper v. Merck & Co., Inc., et al., C.A. No. 4:05-1747
Bernadean Acreman v. Merck & Co., Inc., et al., C.A. No. 4:05-1748
Josephine Tourville v. Merck & Co., Inc., et al., C.A. No. 4:05-1750
Jacqueline M. Lawrence v. Merck & Co., Inc., et al., C.A. No. 4:05-1751
Adele Anthon v. Merck & Co., Inc., et al., C.A. No. 4:05-1752
James B. Elgin, Jr. v. Merck & Co., Inc., et al., C.A. No. 4:05-1753

- A2 -

Eastern District of Missouri (Continued)

*Richard Menzel v. Merck & Co., Inc., et al., C.A. No. 4:05-1755*
*Marcy A. West v. Merck & Co., Inc., et al., C.A. No. 4:05-1756*
*Hilda L. Tucker v. Merck & Co., Inc., et al., C.A. No. 4:05-1757*
*Arzie Stephens v. Merck & Co., Inc., et al., C.A. No. 4:05-1758*
*Shirley Adams, et al. v. Merck & Co., Inc., et al., C.A. No. 4:05-1947*
*Marie Nobles, et al. v. Merck & Co., Inc., et al., C.A. No. 4:05-2040*
*Bernadette Dryer, et al. v. Merck & Co., Inc., et al., C.A. No. 4:05-2043*
*Jean Davis, et al. v. Merck & Co., Inc., et al., C.A. No. 4:05-2076*

M00DC31410

M008D31992

A CERTIFIED TRUE COPY

JUN 14 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 15  AM 10: 07

LORETTA G. WHYTE
CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 14 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1657*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 25 actions to vacate the Panel's orders conditionally transferring the actions listed on Schedule A to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

Some opposing plaintiffs argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1657 proceedings. We are unpersuaded by these arguments. Inclusion of these actions in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969,

---

* Judge Motz took no part in the decision of this matter.

___ Fee_____
___ Proces._____
_X_ Dktd_____
_/_ CtRmDep_____
___ Doc. No._____

M00BD31993

- 2 -

A CERTIFIED TRUE COPY

JUL 1

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *In re High Fructose Corn Products Liability Litigation*, 152 F.Supp.2d 1378 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

M008D31994

## SCHEDULE A

MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation

EDLA
SEC. L/3

#### Southern District of Alabama

Robert Shawn Roach, et al. v. Merck & Co., et al., C.A. No. 1:06-44     06-3131

#### District of Alaska

State of Alaska v. Merck & Co., Inc., C.A. No. 3:06-18     06-3132

#### Eastern District of California

Boyd Cole, et al. v. Merck & Co., Inc., et al., C.A. No. 2:05-2609     06-3133
Jill Desart v. Merck & Co., Inc., et al., C.A. No. 2:06-62     06-3134

#### Northern District of California

Trey Ditlevsen v. Merck & Co., Inc., et al., C.A. No. 3:05-5158     06-3135

#### Southern District of Illinois

Peggie Craig, et al. v. Merck & Co., Inc., et al., C.A. No. 3:05-823     06-3136
Irene Anzona v. Merck & Co., Inc., et al., C.A. No. 3:05-884     06-3137
Willis Fuller, et al. v. Merck & Co., Inc., C.A. No. 3:06-63     06-3138
Robert Paskero v. Merck & Co., Inc., et al., C.A. No. 3:06-64     06-3139
Eugene Perry, et al. v. Merck & Co., Inc., C.A. No. 3:06-65     06-3140
Maria Kopes, et al. v. Merck & Co., Inc., et al., C.A. No. 3:06-154     06-3141
Kevin Keeney, et al. v. Merck & Co., Inc., et al., C.A. No. 3:06-158     06-3142
Shirley Johnson, et al. v. Merck & Co., Inc., et al., C.A. No. 3:06-162     06-3143

#### Eastern District of Missouri

Diana Larrabee v. Merck & Co., Inc., et al., C.A. No. 4:05-1740     06-3144

#### Western District of Missouri

Helen G. Sarle, et al. v. Merck & Co., Inc., et al., C.A. No. 4:06-40     06-3145

#### Western District of New York

Kathleen Campbell v. Merck & Co., Inc., et al., C.A. No. 6:05-6740     06-3146
Gergory Paterniti v. Merck & Co., Inc., et al., C.A. No. 6:06-6065     06-3147
George Adams v. Merck & Co., Inc., et al., C.A. No. 6:06-6066     06-3148
Deborah Stroka v. Merck & Co., Inc., et al., C.A. No. 6:06-6068     06-3149

| | EDLA SEC. L/3 |
|---|---|
| - A2 - | |
| *Bruce Stenzel v. Merck & Co., Inc., et al.*, C.A. No. 6:06-6069 | 06-3150 |
| *Eugenia B. Lukasik, etc. v. Merck & Co., Inc., et al.*, C.A. No. 6:06-6075 | 06-3151 |
| | |
| Eastern District of Pennsylvania | |
| | |
| *Robbie Tallas, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-388 | 06-3152 |
| *Robbie Tallas, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-389 | 06-3153 |
| | |
| Southern District of Texas | |
| | |
| *H.G. Pool, et al. v. Merck & Co., Inc., et al.*, C.A. No. 5:06-35 | 06-3154 |
| *Robert L. Williams, etc. v. Merck & Co., Inc.*, C.A. No. 4:05-4265 | 06-3155 |

M00BD31996

A CERTIFIED TRUE COPY

AUG 10 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    AUG 1 1 2006

LORETTA G. WHYTE
CLERK
*DOCKET NO. 1657*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 0 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

EDLA
SEC. L/3

| | |
|---|---|
| *Amanda Pritchett v. Merck & Co., Inc., et al.,* S.D. Alabama, C.A. No. 2:06-122 | 06-4295 |
| *Rebecca Moore, et al. v. Merck & Co., Inc.,* N.D. Illinois, C.A. No. 1:06-1354 | 06-4296 |
| *Mary L. Harper, et al. v. Merck & Co., Inc.,* W.D. Kentucky, C.A. No. 3:05-604 | 06-4297 |
| *Jacqueline Fuqua v. Merck & Co., Inc., et al.,* N.D. Mississippi, C.A. No. 2:06-63 | 06-4298 |
| *Randy Robinson v. Merck & Co., Inc., et al.,* N.D. Mississippi, C.A. No. 2:06-64 | 06-4299 |
| *Owen Kittle v. Merck & Co., Inc., et al.,* N.D. Mississippi, C.A. No. 2:06-65 | 06-4300 |
| *Ginger Pope v. Merck & Co., Inc., et al.,* N.D. Mississippi, C.A. No. 2:06-66 | 06-4301 |
| *State of Montana, et al. v. Merck & Co., Inc.,* D. Montana, C.A. No. 6:06-7 | 06-4302 |

### BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in eight actions to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Defendant Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed by the Panel in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

---

* Judge Motz took no part in the decision of this matter.

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No_____

M008D31997

- 2 -

Some opposing plaintiffs argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1657 proceedings. We are unpersuaded by these arguments. Inclusion of these actions in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 152 F.Supp.2d 1378 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

A CERTIFIED TRUE COPY

OCT 18 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA    OCT 1 8 2006

FILED
CLERK'S OFFICE

2006 NOV -2  AM 11: 39

*DOCKET NO. 1657*

LORETTA G. WHYTE
CLERK

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

EDLA
SEC. L/3

| | |
|---|---|
| *Felix Arrington, et al. v. Merck & Co., Inc., et al.*, M.D. Alabama, C.A. No. 2:06-488 | 06-9328 |
| *Rosemary Leverett, etc. v. Merck & Co., Inc., et al.*, M.D. Alabama, C.A. No. 3:06-476 | 06-9329 |
| *Milton Elliot v. Merck & Co., Inc., et al.*, S.D. Florida, C.A. No. 9:06-80545 | 06-9330 |
| *Coy Nunn, et al. v. Merck & Co., Inc., et al.*, S.D. Illinois, C.A. No. 3:06-430 | 06-9331 |
| *Ruthie Young, et al. v. Merck & Co., Inc., et al.*, S.D. Illinois, C.A. No. 3:06-462 | 06-9332 |
| *Norman Mahan v. Merck & Co., Inc., et al.*, N.D. Mississippi, C.A. No. 2:06-62 | 06-9333 |
| *Larry Williams v. Merck & Co., Inc., et al.*, N.D. Mississippi, C.A. No. 4:06-60 | 06-9334 |
| *Joyce Calloway, et al. v. Merck & Co., Inc.*, S.D. Texas, C.A. No. 4:06-1772 | 06-9335 |
| *State of Utah v. Merck & Co., Inc.*, D. Utah, C.A. No. 2:06-406 | 06-9336 |

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in these actions to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Defendant Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed by the Panel in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. *See In re Vioxx Products Liability Litigation*, 360

---

* Judge Motz took no part in the decision of this matter.

| | |
|---|---|
| ___ | Fee_____ |
| ___ | Process_____ |
| X | Dktd _____ |
| ___ | CtRmDep_____ |
| ___ | Doc. No._____ |

M0008D31999

- 2 -

F.Supp.2d 1352 (J.P.M.L. 2005).

The *Utah* plaintiff argues that the presence of questions of fact relating to Utah's Medicaid program as well as unique causes of action under Utah law counsel against inclusion of this action in MDL-1657 proceedings. We are unpersuaded by this argument. Regardless of any differences in legal theory, *Utah* and the actions in the transferee district arise from representations about the safety of Vioxx. Inclusion of *Utah* in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 152 F.Supp.2d 1378 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman



A CERTIFIED TRUE COPY

DEC 1 8 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
_____RN DISTRICT OF LOUISIANA JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED

DEC 2 9 2006

DOCKET _____ LORETTA G. WHYTE
CLERK

DEC 1 8 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

EDLA

SEC. L/3

| | |
|---|---|
| *Rosie Russaw, etc. v. Merck & Co., Inc., et al.,* M.D. Alabama, C.A. No. 2:06-557 | 06-11435 |
| *Betty Whitehead, etc. v. Merck & Co., Inc., et al.,* N.D. Alabama, C.A. No. 2:06-1279 | 06-11436 |
| *Edward Schwartz v. Merck & Co., Inc., et al.,* N.D. California, C.A. No. 3:06-4180 | 06-11437 |
| *Patrick E. Murphy v. Merck & Co., Inc., et al.,* N.D. California, C.A. No. 4:06-4794 | 06-11438 |
| *Anita Davis v. Merck & Co., Inc., et al.,* N.D. Florida, C.A. No. 4:06-356 | 06-11439 |
| *Barbara Hess, et al. v. Merck & Co., Inc., et al.,* S.D. Illinois, C.A. No. 3:06-514 | 06-11440 |
| *Vivian Copher, et al. v. Merck & Co., Inc., et al.,* E.D. Missouri, C.A. No. 4:06-1185 | 06-11441 |
| *Inez Kincaid, et al. v. Merck & Co., Inc., et al.,* E.D. Missouri, C.A. No. 4:06-1186 | 06-11442 |
| *Richard Helton, et al. v. Merck & Co., Inc., et al.,* E.D. Missouri, C.A. No. 4:06-1187 | 06-11443 |
| *Minnie Smith, et al. v. Merck & Co., Inc., et al.,* E.D. Missouri, C.A. No. 4:06-1196 | 06-11444 |
| *John James Mangani v. Merck & Co., Inc., et al.,* D. Nevada, C.A. No. 2:06-914 | 06-11445 |
| *Kathie Bartlett, et al. v. Merck & Co., Inc., et al.,* D. Nevada, C.A. No. 3:06-359 | 06-11446 |

### BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in these actions to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Defendant Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons

---

*   Judge Motz took no part in the decision of this matter.

____ Fee_____
____ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
____ Doc. No._____

M00BD32001

- 2 -

expressed by the Panel in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

M008D32002

A CERTIFIED TRUE COPY

FEB - 8 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    FEB - 8 2007

LORETTA G. WHYTE
DOCKET CLERK 657

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 8 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES,* CHAIRMAN, D. LOWELL JENSEN,* J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in most actions and the health care provider defendants in the two Oklahoma actions to vacate the Panel's orders conditionally transferring the actions listed on Schedule A to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Defendant Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed by the Panel in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

Some plaintiffs and the opposing health care provider defendants argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1657 proceedings. We are unpersuaded by these arguments. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to

---

* Judges Hodges, Jensen and Motz took no part in the decision of this matter.

____ Fee _____
____ Process _____
_X_ Dktd _____
____ CtRmDep _____
____ Doc. No _____

- 2 -

the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

Some *pro se* plaintiffs argue that they will be unable to pursue their claims in MDL-1657. Judge Fallon has, however, emphasized the obligation of the court and counsel to assist *pro se* plaintiffs in their participation in MDL-1657 proceedings. If discovery sought by a particular plaintiff is deemed to be outside the scope of MDL-1657's common discovery, this plaintiff's discovery can nevertheless be pursued concurrently within the MDL-1657 framework.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Robert L. Miller, Jr.
Acting Chairman

## SCHEDULE A

<u>MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation</u>

### Eastern District of California

| | |
|---|---|
| *Gladys Herring, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1826 | EDLA 07-742 |
| *Ruth Beatty v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1845 | EDLA 07-743 |
| *Mary Grove v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1941 | EDLA 07-744 |
| *Donna Moret v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1954 | EDLA 07-745 |
| *Maximo Rivera v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1957 | EDLA 07-746 |
| *Linda Chamberlain v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1973 | EDLA 07-747 |
| *Kap Sook Choi v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1977 | EDLA 07-748 |
| *Witold Kolankowski v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1978 | EDLA 07-749 |
| *Freeman Herring v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2079 | EDLA 07-750 |
| *Emma Miguel v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2215 | EDLA 07-751 |

### Northern District of California

| | |
|---|---|
| *Jeffrey Kaufman, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-4921 | EDLA 07-752 |
| *William C. Mullins v. Merck & Co., Inc., et al.*, C.A. No. 3:06-5534 | EDLA 07-753 |

### Southern District of California

| | |
|---|---|
| *Earl Alger v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1888 | EDLA 07-754 |
| *Douglas Diaz v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1889 | EDLA 07-755 |
| *Raylene Diaz v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1890 | EDLA 07-756 |
| *Diane Dumas v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1891 | EDLA 07-757 |
| *Judy Joseph v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1892 | EDLA 07-758 |
| *Debra Robles v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1893 | EDLA 07-759 |
| *Berit Nynen v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1894 | EDLA 07-760 |
| *Annette Williams v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1896 | EDLA 07-761 |
| *Jayn Fields v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1897 | EDLA 07-762 |
| *Brenda Eldridge v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1898 | EDLA 07-763 |
| *William Eldridge v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1899 | EDLA 07-764 |
| *David Fields v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1900 | EDLA 07-765 |
| *Diane Cross v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1901 | EDLA 07-766 |
| *Valada Embry v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1903 | EDLA 07-767 |

M008D32005

- A2 -

**MDL-1657 Schedule A (Continued)**

<u>Southern District of California</u> (Continued)

| | |
|---|---|
| *Wanda Alger v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1904 | EDLA 07-768 |
| *David Young, Sr. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1905 | EDLA 07-769 |
| *George Dumas v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1906 | EDLA 07-770 |
| *Carol Demasters v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1907 | EDLA 07-771 |
| *Helen Eads v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1908 | EDLA 07-772 |
| *Irma Young v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1909 | EDLA 07-773 |
| *Evelyn Mazzone v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1951 | EDLA 07-774 |
| *Jacqueline Battle v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1953 | EDLA 07-775 |
| *Robert Battle v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1954 | EDLA 07-776 |
| *James Mazzone v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1955 | EDLA 07-777 |
| *Norwood Blatchford v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1956 | EDLA 07-778 |
| *Margaret Choate v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1957 | EDLA 07-779 |
| *Rosa Blatchford v. Merck & Co., et al.*, C.A. No. 3:06-1958 | EDLA 07-780 |
| *Horst Baranasch v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1959 | EDLA 07-781 |
| *Carol J. Heck v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1960 | EDLA 07-782 |
| *Esperanza Juarez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1961 | EDLA 07-783 |
| *Jesus Beato v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1962 | EDLA 07-784 |
| *Alice Farmer v. Merck & Co, Inc., et al.*, C.A. No. 3:06-1963 | EDLA 07-785 |
| *Susanne Barabasch v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1964 | EDLA 07-786 |
| *Nina Pope v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1966 | EDLA 07-787 |
| *Carmen Ramirez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1967 | EDLA 07-788 |
| *Nancy Furman v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1968 | EDLA 07-789 |
| *Jean Brooker v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1969 | EDLA 07-790 |
| *Stephen Choate v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1970 | EDLA 07-791 |
| *Glenna Settle v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1971 | EDLA 07-792 |
| *Frederick Settle v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1972 | EDLA 07-793 |
| *Richard Brooker v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1973 | EDLA 07-794 |
| *Alicia Beato v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1981 | EDLA 07-795 |
| *Joel Christenson v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1982 | EDLA 07-796 |
| *Tina Diamond v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1983 | EDLA 07-797 |
| *Loren Diamond v. Merck & Co., Inc, et al.*, C.A. No. 3:06-1984 | EDLA 07-798 |
| *Edward Gnau v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1985 | EDLA 07-799 |
| *Srvilla Harris v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1986 | EDLA 07-800 |
| *Victoria Kassab v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1987 | EDLA 07-801 |

M0008032006

- A3 -

**MDL-1657 Schedule A (Continued)**

<u>Southern District of California</u> (Continued)

| | |
|---|---|
| *William Kay v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1988 | EDLA 07-802 |
| *Hank Martinez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1989 | EDLA 07-803 |
| *Simena Woo v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1990 | EDLA 07-804 |
| *Priscilla Wilson v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1991 | EDLA 07-805 |
| *Bobby Wilson v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1992 | EDLA 07-806 |
| *Leslie Weldy v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1993 | EDLA 07-807 |
| *Mary Stromberg v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1994 | EDLA 07-808 |
| *Leona St. Onge v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1995 | EDLA 07-809 |
| *Eloisa Santillan v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1996 | EDLA 07-810 |
| *Betty Michal v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1997 | EDLA 07-811 |
| *Minh Tam Nguyen v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1998 | EDLA 07-812 |
| *Lou Ella Holmes v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1999 | EDLA 07-813 |
| *Betty Jo Kay v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2000 | EDLA 07-814 |
| *Dearled Knotts v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2001 | EDLA 07-815 |
| *Joanne Westover v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2003 | EDLA 07-816 |
| *Stanley Westover v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2004 | EDLA 07-817 |
| *Sharon Leezy v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2005 | EDLA 07-818 |
| *Carl Danek v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2006 | EDLA 07-819 |
| *Lorraine Suder v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2007 | EDLA 07-820 |
| *Marlane Power v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2008 | EDLA 07-821 |
| *Louis Roah v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2009 | EDLA 07-822 |
| *Dorothy Scott v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2010 | EDLA 07-823 |
| *James Leezy v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2011 | EDLA 07-824 |
| *Angela Tourajigian v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2012 | EDLA 07-825 |
| *Arnold Suder v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2013 | EDLA 07-826 |
| *Jean Roah v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2014 | EDLA 07-827 |
| *Charles Murphy v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2015 | EDLA 07-828 |
| *Carlos Baylon v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2016 | EDLA 07-829 |
| *Debbie Clines v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2017 | EDLA 07-830 |
| *Juan Leanos v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2018 | EDLA 07-831 |
| *Michelle Bell v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2019 | EDLA 07-832 |
| *Robert Brown v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2020 | EDLA 07-833 |
| *Josephine Baylon v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2021 | EDLA 07-834 |
| *Kim Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2032 | EDLA 07-835 |

- A4 -

MDL-1657 Schedule A (Continued)

### Southern District of California (Continued)

| | |
|---|---|
| *Judith Schuff v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2033 | EDLA 07-836 |
| *Jeff Goldberg v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2034 | EDLA 07-837 |
| *Larry Dawes v. Merck & Co., Inc.*, C.A. No. 3:06-2035 | EDLA 07-838 |
| *Phyllis Cruz v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2036 | EDLA 07-839 |
| *Jose Cruz v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2037 | EDLA 07-840 |
| *David J. Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2038 | EDLA 07-841 |
| *Martha Brault v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2039 | EDLA 07-842 |
| *Inez Goldenberg v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2040 | EDLA 07-843 |
| *Evelyn Green v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2041 | EDLA 07-844 |
| *Anita Kincade v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2042 | EDLA 07-845 |
| *Catherine Janes v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2043 | EDLA 07-846 |
| *Alfred Brault v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2044 | EDLA 07-847 |
| *Harold James v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2045 | EDLA 07-848 |
| *Egon Ohlendorf v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2046 | EDLA 07-849 |
| *Robert Gans v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2047 | EDLA 07-850 |
| *Nancy Jackson-Dawes v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2048 | EDLA 07-851 |
| *Frances Gans v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2049 | EDLA 07-852 |
| *Denise Radovan-Alfonso v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2115 | EDLA 07-853 |
| *Francisco Silva v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2116 | EDLA 07-854 |
| *Maria Santiago v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2117 | EDLA 07-855 |
| *James Rhodes v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2118 | EDLA 07-856 |
| *Mark Williams v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2119 | EDLA 07-857 |
| *Vickie Brendel v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2120 | EDLA 07-858 |
| *Perseveranda Smith v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2121 | EDLA 07-859 |
| *Fred Black, Sr. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2122 | EDLA 07-860 |
| *Jean Cardinal-McQuery v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2123 | EDLA 07-861 |
| *Bella Jacobs v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2124 | EDLA 07-862 |
| *Larry Vealenti v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2125 | EDLA 07-863 |
| *Patricia Martinez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2126 | EDLA 07-864 |
| *Patricia May Hilliard v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2127 | EDLA 07-865 |
| *Jan Schmidt v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2128 | EDLA 07-866 |
| *Steven Hampton v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2129 | EDLA 07-867 |
| *Jean McNeese v. Merck & Co, Inc., et al.*, C.A. No. 3:06-2130 | EDLA 07-868 |
| *Dale Lloyd v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2131 | EDLA 07-869 |

- A5 -

MDL-1657 Schedule A (Continued)

### Southern District of California (Continued)

| | |
|---|---|
| *Augustin Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2132 | EDLA 07-870 |
| *Kenneth Lowry v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2133 | EDLA 07-871 |
| *Donna Hall v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2134 | EDLA 07-872 |
| *Jacqueline Lowry v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2135 | EDLA 07-873 |
| *Dolores Lloyd v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2136 | EDLA 07-874 |
| *Brian Coit v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2137 | EDLA 07-875 |
| *Juan Silva v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2138 | EDLA 07-876 |
| *Frances Bushong v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2139 | EDLA 07-877 |
| *Maria Osuna v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2152 | EDLA 07-878 |
| *Thomas Perfetto v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2153 | EDLA 07-879 |
| *Randy Valentine v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2154 | EDLA 07-880 |
| *Andres De Casas v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2155 | EDLA 07-881 |
| *Anna Combite v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2156 | EDLA 07-882 |
| *S. Anne Hamilton v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2157 | EDLA 07-883 |
| *Aloysius Kremer v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2158 | EDLA 07-884 |
| *Winifred Morris v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2159 | EDLA 07-885 |
| *Darnell Hudson v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2160 | EDLA 07-886 |
| *Viola Kremer v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2161 | EDLA 07-887 |
| *Marietta Orpilla v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2163 | EDLA 07-888 |
| *Joyce Perfetto v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2164 | EDLA 07-889 |
| *Amineh Younis v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2165 | EDLA 07-890 |
| *Ahmad Younis v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2166 | EDLA 07-891 |
| *Michelle McMahon v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2259 | EDLA 07-892 |
| *Darren McMahon v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2260 | EDLA 07-893 |

### Middle District of Florida

| | |
|---|---|
| *Louise M. Griffin, etc. v. Merck & Co., Inc., et al.*, C.A. No. 8:06-1806 | EDLA 07-894 |

### District of Hawaii

| | |
|---|---|
| *John R. McClelland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:06-543 | EDLA 07-895 |

- A6 -

MDL-1657 Schedule A (Continued)

#### Western District of Kentucky

*Cynthia Chesser, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-521          EDLA 07-896

#### Northern District of Mississippi

*Michael A. Collier v. Merck & Co., Inc., et al.*, C.A. No. 1:06-265          EDLA 07-897

#### Eastern District of Missouri

*Stephen D. Murch v. Merck & Co., Inc., et al.*, C.A. No. 4:06-1157          EDLA 07-898
*Forrest Lincoln, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:06-1372          EDLA 07-899

#### District of Nevada

*Albertine Avant, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1313          EDLA 07-900
*Buddy Battz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1317          EDLA 07-901
*Don Chapman, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1319          EDLA 07-902
*Norma Coon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1320          EDLA 07-903
*Ralph Cox, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1323          EDLA 07-904

#### Northern District of New York

*Dennis Richard Harrison v. Merck & Co., Inc.*, C.A. No. 1:06-932          EDLA 07-905

#### Southern District of New York

*Elena Strujan v. Merck & Co., Inc.*, C.A. No. 1:06-7745          EDLA 07-906

#### Eastern District of North Carolina

*Eugene Seals, et al. v. Merck & Co., Inc., et al.*, C.A. No. 7:06-115          EDLA 07-907

#### Northern District of Oklahoma

*Wanda Ferrell, etc. v. Merck & Co., Inc., et al.*, C.A. No: 4:06-561          EDLA 07-908

M008032010

- A7 -

MDL-1657 Schedule A (Continued)

### Western District of Oklahoma

*Stella Claypool v. Merck & Co., Inc., et al.*, C.A. No. 5;06-1030     EDLA 07-909

### Eastern District of Texas

*Elton White, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:06-638     EDLA 07-910

### Northern District of Texas

*Rose Fogiel v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1748     EDLA 07-911

### Southern District of Texas

| | |
|---|---|
| *Dominga R. Castro v. Merck & Co., Inc., et al.*, C.A. No. 1:06-150 | EDLA 07-912 |
| *Patricia Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 1:06-151 | EDLA 07-913 |
| *Olivia Robinson v. Merck & Co., Inc., et al.*, C.A. No. 1:06-152 | EDLA 07-914 |
| *Gwendolyn Ann Herron, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:06-163 | EDLA 07-915 |
| *Blanca D. Jimenez v. Merck & Co., Inc., et al.*, C.A. No. 1:06-165 | EDLA 07-916 |
| *Veronica Zamora v. Merck & Co., Inc., et al.*, C.A. No. 1:06-171 | EDLA 07-917 |
| *Ben Longoria v. Merck & Co., Inc., et al.*, C.A. No. 1:06-174 | EDLA 07-918 |
| *Celia M. Sanchez v. Merck & Co., Inc., et al.*, C.A. No. 1:06-175 | EDLA 07-919 |
| *Delia Cantu, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-404 | EDLA 07-920 |
| *Lucia Gonzalez v. Merck & Co., Inc., et al.*, C.A. No. 2:06-424 | EDLA 07-921 |
| *Minerva H. Rosas v. Merck & Co., Inc., et al.*, C.A. No. 2:06-427 | EDLA 07-922 |
| *Alison Nettles, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:06-3191 | EDLA 07-923 |
| *Edward M. Steele v. Merck & Co., Inc., et al.*, C.A. No. 5:06-147 | EDLA 07-924 |
| *Noemi Guzman Mata v. Merck & Co., Inc., et al.*, C.A. No. 7:06-253 | EDLA 07-925 |
| *Maria Dolores Herrera, et al. v. Merck & Co., Inc., et al.*, C.A. No. 7:06-255 | EDLA 07-926 |
| *Estela Guerra, et al. v. Merck & Co., Inc., et al.*, C.A. No. 7:06-261 | EDLA 07-927 |
| *Cristina Hernandez Mendoza v. Merck & Co., Inc., et al.*, C.A. No. 7:06-262 | EDLA 07-928 |
| *Hortencia Rosalez v. Amerisource, Inc., et al.*, C.A. No. 7:06-269 | EDLA 07-929 |
| *Maria Gonzalez de Ramirez v. Merck & Co., Inc., et al.*, C.A. No. 7:06-278 | EDLA 07-930 |
| *Martha B. Torres v. Merck & Co., Inc., et al.*, C.A. No. 7:06-279 | EDLA 07-931 |

- A8 -

MDL-1657 Schedule A (Continued)

### Southern District of Texas (Continued)

| | |
|---|---|
| *Petra Ybarra v. Merck & Co., Inc., et al.*, C.A. No. 7:06-288 | EDLA 07-932 |
| *Luis Cantu v. Merck & Co., Inc., et al.*, C.A. No. 7:06-289 | EDLA 07-933 |
| *Emma Cuellar v. Merck & Co., Inc., et al.*, C.A. No. 7:06-295 | EDLA 07-934 |
| *Maria C. Cardenas v. Merck & Co., Inc., et al.*, C.A. No. 7:06-296 | EDLA 07-935 |
| *Gloria Mascorro v. Merck & Co., Inc., et al.*, C.A. No. 7:06-297 | EDLA 07-936 |
| *Maria Gloria Ybarra v. Merck & Co., Inc., et al.*, C.A. No. 7:06-308 | EDLA 07-937 |
| *Aida Vasquez v. Merck & Co., Inc., et al.*, C.A. No. 7:06-311 | EDLA 07-938 |
| *Irma Solis v. Merck & Co., Inc., et al.*, C.A. No. 7:06-312 | EDLA 07-939 |
| *Francisca Villarreal v. Merck & Co., Inc., et al.*, C.A. No. 7:06-315 | EDLA 07-940 |
| *Elma Martinez v. Merck & Co., Inc., et al.*, C.A. No. 7:06-316 | EDLA 07-941 |
| *Elvira Serna v. Merck & Co., Inc., et al.*, C.A. No. 7:06-317 | EDLA 07-942 |

### Western District of Texas

| | |
|---|---|
| *Ronnie D. Fox, etc. v. Merck & Co., Inc.*, C.A. No. 1:06-748 | EDLA 07-943 |
| *Barbara J. Baxter v. Merck & Co., Inc., et al.*, C.A. No. 1:06-749 | EDLA 07-944 |
| *Katherine Arney, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:06-771 | EDLA 07-945 |
| *Eddie Roy Tealer v. Merck & Co., Inc., et al.*, C.A. No. 1:06-772 | EDLA 07-946 |
| *Ramona Wright v. Merck & Co., Inc., et al.*, C.A. No. 1:06-779 | EDLA 07-947 |
| *Jesus Avila v. Merck & Co., Inc.*, C.A. No. 1:06-786 | EDLA 07-948 |
| *Ina M. Teller v. Merck & Co., Inc., et al.*, C.A. No. 1:06-804 | EDLA 07-949 |
| *Jonna Murchison v. Merck & Co., Inc., et al.*, C.A. No. 1:06-805 | EDLA 07-950 |
| *Brian G. Thompson v. Merck & Co., Inc., et al.*, G.A. No. 1:06-806 | EDLA 07-951 |
| *Juanita Phillips v. Merck & Co., Inc., et al.*, C.A. No. 1:06-827 | EDLA 07-952 |
| *James Townsley v. Merck & Co., Inc., et al.*, C.A. No. 1:06-849 | EDLA 07-953 |
| *Richard Rodriguez, et al. v. Merck & Co., Inc., et al.*, C.A. No. 5:06-785 | EDLA 07-954 |

M0080332012



A CERTIFIED TRUE COPY

APR 1 8 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    APR 1 8 2007

LORETTA G. WHYTE
CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 8 2007

FILED
CLERK'S OFFICE

*DOCKET NO. 1657*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

### *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA,* JUDGES OF THE PANEL*

### *TRANSFER ORDER*

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 83 actions to vacate the Panel's orders conditionally transferring the actions listed on Schedule A to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket.   Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Any pending motions to remand to state court can be presented to and decided by the transferee judge.  *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).  The Panel further finds that transfer of these actions is appropriate for the reasons expressed by the Panel in the original order directing centralization in this docket.  In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

* Judges Motz and Scirica took no part in the decision of this matter.

## SCHEDULE A

<u>MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation</u>

EDLA
SEC. L/

#### Eastern District of California

| | |
|---|---|
| *Sheryl Churchman v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2479 | 07-2063 |
| *Irene Lear v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2830 | 07-2064 |
| *Allan J. English v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2833 | 07-2065 |

#### Northern District of California

| | |
|---|---|
| *Dolores Lee Tazmon v. Merck & Co., Inc., et al.*, C.A. No. 3:06-7455 | 07-2066 |

#### Southern District of California

| | |
|---|---|
| *Hermogenes Del Rosario v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2535 | 07-2067 |
| *Maria Graham, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2536 | 07-2068 |
| *Sandra Boardman, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2537 | 07-2069 |
| *Lloyd Bell, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2538 | 07-2070 |
| *Joseph Cornwall, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2539 | 07-2071 |
| *Nancy Murphy v. Merck & Co., Inc., et al.*, C.A. No. 3:07-13 | 07-2072 |

#### District of Colorado

| | |
|---|---|
| *James Franklin, etc. v. Merck & Co., Inc.*, C.A. No. 1:06-2164 | 07-2073 |

#### Southern District of Florida

| | |
|---|---|
| *Kenneth Bowe, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14284 | 07-2074 |
| *Jacob Avidon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14285 | 07-2075 |
| *Veronica Clark-Atchinson v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14287 | 07-2076 |
| *Robin A. Curry v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14288 | 07-2077 |
| *Lystine Fairweather, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14289 | 07-2078 |
| *Mary Lee Hudson v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14290 | 07-2079 |
| *Walter Smith, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14291 | 07-2080 |
| *Warren Young, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14292 | 07-2081 |
| *Andrew Trax, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14293 | 07-2082 |
| *Helen Spano, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14294 | 07-2083 |
| *John Gumas v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14295 | 07-2084 |
| *Darrell Duncan v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14296 | 07-2085 |
| *James Ferguson v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14297 | 07-2086 |
| *Carol Morgan v. Merck & Co., Inc., et al.*, C.A. No. 2:06-14298 | 07-2087 |

M008D32014

- A2 -

MDL-1657 Schedule A (Continued)

EDLA
SEC. L/3

### Southern District of Florida (Continued)

| | |
|---|---|
| Patricia C. Putman, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-14299 | 07-2088 |
| Donald L. Simons v. Merck & Co., Inc., et al., C.A. No. 2:06-14300 | 07-2089 |
| Donna Robinson v. Merck & Co., Inc., et al., C.A. No. 2:06-14301 | 07-2090 |
| Gail Simmons v. Merck & Co., Inc., et al., C.A. No. 9:06-80994 | 07-2091 |
| Anita Finnegan v. Merck & Co., Inc., et al., C.A. No. 9:06-80996 | 07-2092 |
| Joseph Iuvara, et al. v. Merck & Co., Inc., et al., C.A. No. 9:06-80997 | 07-2093 |
| Thomas Erling v. Merck & Co., Inc., et al., C.A. No. 9:06-80998 | 07-2094 |

### Southern District of Illinois

| | |
|---|---|
| Sharon Calaway v. Merck & Co., Inc., et al., C.A. No. 3:06-870 | 07-2095 |
| Sandra Kay Lindsey v. Merck & Co., Inc., et al., C.A. No. 3:06-883 | 07-2096 |
| Steven Strader v. Merck & Co., Inc., et al., C.A. No. 3:06-896 | 07-2097 |
| Patricia A. Taylor v. Merck & Co., Inc., et al., C.A. No. 3:06-948 | 07-2098 |

### District of Nevada

| | |
|---|---|
| Charles Fitzgerald, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-1324 | 07-2099 |
| Calvin Maestro, M.D., et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-1325 | 07-2100 |
| George Morris, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-1326 | 07-2101 |
| Estate of Mary Hoffman Williams, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-1327 | 07-2102 |
| George Mayfield, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-1328 | 07-2103 |
| Barbara Wyman, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-1329 | 07-2104 |

### Southern District of New York

| | |
|---|---|
| Ali Ghanem v. Merck & Co., Inc., et al., C.A. No. 1:06-11419 | 07-2105 |

### District of South Carolina

| | |
|---|---|
| Joyce R. Sanders, etc. v. Merck & Co., Inc., et al., C.A. No. 4:06-3225 | 07-2106 |

### Southern District of Texas

| | |
|---|---|
| Juan Lizardi v. Merck & Co., Inc., et al., C.A. No. 1:06-176 | 07-2107 |
| Maria G. Gonzalez v. Merck & Co., Inc., et al., C.A. No. 1:06-181 | 07-2108 |
| San Juanita Mares Lejia, et al. v. Merck & Co., Inc., et al., C.A. No. 1:06-184 | 07-2109 |
| Rosario Lechuga v. Merck & Co., Inc., et al., C.A. No. 2:06-478 | 07-2110 |
| Divine Garcia v. Merck & Co., Inc., et al., C.A. No. 2:06-489 | 07-2111 |

M008D032015

- A3 -

MDL-1657 Schedule A (Continued)

EDLA
SEC. L/3

### Southern District of Texas (Continued)

| | EDLA SEC. L/3 |
|---|---|
| Hortencia Garza, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-494 | 07-2112 |
| Pedro Hernandez v. Merck & Co., Inc., et al., C.A. No. 2:06-499 | 07-2113 |
| John Blazier v. Merck & Co., Inc., et al., C.A. No. 3:06-721 | 07-2114 |
| Evert Crump v. Merck & Co., Inc., et al., C.A. No. 3:06-723 | 07-2115 |
| Richard Smith v. Merck & Co., Inc., et al., C.A. No. 3:06-724 | 07-2116 |
| Vada Tolbert v. Merck & Co., Inc., et al., C.A. No. 4:06-3689 | 07-2117 |
| Lynna J. Anderson, et al. v. Merck & Co., Inc., et al., C.A. No. 6:06-114 | 07-2118 |
| Lilian Murphree v. Merck & Co., Inc., et al., C.A. No. 7:06-303 | 07-2119 |
| Juan R. Gonzalez v. Merck & Co., Inc., et al., C.A. No. 7:06-319 | 07-2120 |
| Adolfo De Leon v. Merck & Co., Inc., et al., C.A. No. 7:06-320 | 07-2121 |
| Victor Saenz v. Merck & Co., Inc., et al., C.A. No. 7:06-321 | 07-2122 |
| Francisca Villarreal, et al. v. Merck & Co., Inc., et al., C.A. No. 7:06-322 | 07-2123 |
| Jose Zuniga v. Merck & Co., Inc., et al., C.A. No. 7:06-329 | 07-2124 |
| Rodolfo Regalado v. Merck & Co., Inc., et al., C.A. No. 7:06-331 | 07-2125 |
| Ludivina Pena v. Merck & Co., Inc., et al., C.A. No. 7:06-333 | 07-2126 |
| Anita Salinas v. Merck & Co., Inc., et al., C.A. No. 7:06-334 | 07-2127 |
| Alonzo Rivas v. Merck & Co., Inc., et al., C.A. No. 7:06-336 | 07-2128 |
| Dora Hernandez v. Merck & Co., Inc., et al., C.A. No. 7:06-337 | 07-2129 |
| Julio Sierra v. Merck & Co., Inc., et al., C.A. No. 7:06-338 | 07-2130 |
| Javier Trevino v. Merck & Co., Inc., et al., C.A. No. 7:06-340 | 07-2131 |
| Marcelina Tijerina v. Merck & Co., Inc., et al., C.A. No. 7:06-341 | 07-2132 |
| Maria De Leon v. Merck & Co., Inc., et al., C.A. No. 7:06-344 | 07-2133 |
| Abdon Gonzalez v. Merck & Co., Inc., et al., C.A. No. 7:06-345 | 07-2134 |
| Maria Quintanilla v. Merck & Co., Inc., et al., C.A. No. 7:06-346 | 07-2135 |
| Adriana Negrete v. Merck & Co., Inc., et al., C.A. No. 7:06-347 | 07-2136 |
| Nora De Los Rios, et al. v. Merck & Co., Inc., et al., C.A. No. 7:06-357 | 07-2137 |

### Western District of Texas

| | |
|---|---|
| Emil Kenneth Braune v. Merck & Co., Inc., et al., C.A. No. 1:06-848 | 07-2138 |
| Marilyn Trent v. Merck & Co., Inc., et al., C.A. No. 1:06-858 | 07-2139 |
| Charles Ray Garrett, et al. v. Merck & Co., Inc., et al., C.A. No. 1:06-859 | 07-2140 |
| Shirley Ison, et al. v. Merck & Co., Inc., et al., C.A. No. 1:06-865 | 07-2141 |
| Esther McConoghy v. Merck & Co., Inc., et al., C.A. No. 1:06-870 | 07-2142 |
| Ruby Shaw v. Merck & Co., Inc., et al., C.A. No. 1:06-871 | 07-2143 |
| Nathaniel Knight v. Merck & Co., Inc., et al., C.A. No. 1:06-901 | 07-2144 |
| Selma Gonzalez, et al. v. Merck & Co., Inc., et al., C.A. No. 5:06-985 | 07-2145 |

M008D32016



A CERTIFIED TRUE COPY

JUN 1 4 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    JUN 1 4 2007

LORETTA G. WHYTE
CLERK

DOCKET NO. 1657

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 4 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

#### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 38 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of all actions in MDL-1657 proceedings. The treating physician and dispensing pharmacy defendants in the four West Virginia actions also favor inclusion of their actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending or anticipated motions to remand to state court or relating to the status of the action pending in the Central District of California can be presented to and decided by the transferee judge. See, e.g., In re Ivy, 901 F.2d 7 (2d Cir. 1990); In re Prudential Insurance Company of America Sales Practices Litigation, 170 F.Supp.2d 1346, 1347 -48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed by the Panel in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. See In re Vioxx Products Liability Litigation, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

---

* Judges Motz and Miller took no part in the decision of this matter.

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

M0008D32017

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

M008D32018

## SCHEDULE A

MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation

EDLA
SEC. L/3

### Central District of California

| | |
|---|---|
| *Ruby Lois Moore Estate, etc. v. Merck & Co., Inc.*, C.A. No. 2:06-7548 | 07-0668 |

### Eastern District of California

| | |
|---|---|
| *Mosetta Bernstine v. Merck & Co., Inc., et al.*, C.A. No. 2:07-34 | 07-3277 |
| *Katherine Harrison v. Merck & Co., Inc., et al.*, C.A. No. 2:07-42 | 07-3278 |
| *James Daniels, Jr. v. Merck & Co., Inc., et al.*, C.A. No. 2:07-48 | 07-3279 |
| *Barbara Ford-Daniels v. Merck & Co., Inc., et al.*, C.A. No. 2:07-51 | 07-3280 |
| *Lynn Franklin v. Merck & Co., Inc., et al.*, C.A. No. 2:07-57 | 07-3281 |
| *Irma Franklin v. Merck & Co., Inc., et al.*, C.A. No. 2:07-58 | 07-3282 |
| *Carolyn Lee Wilson v. Merck & Co., Inc., et al.*, C.A. No. 2:07-61 | 07-3283 |
| *Mary Ann Harris v. Merck & Co., Inc., et al.*, C.A. No. 2:07-67 | 07-3284 |
| *John Wilson v. Merck & Co., Inc., et al.*, C.A. No. 2:07-68 | 07-3285 |
| *Ishmael Haqq v. Merck & Co., Inc., et al.*, C.A. No. 2:07-73 | 07-3286 |
| *David Tenn, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:07-75 | 07-3287 |
| *Estate of Juanita Battle v. Merck & Co., Inc., et al.*, C.A. No. 2:07-77 | 07-3288 |
| *Denise Denison v. Merck & Co., Inc., et al.*, C.A. No. 2:07-79 | 07-3289 |

### Northern District of California

| | |
|---|---|
| *Dorothy Shanks v. Merck & Co., Inc., et al.*, C.A. No. 3:07-65 | 07-3290 |
| *Stanford Johnson v. Merck & Co., Inc., et al.*, C.A. No. 3:07-67 | 07-3291 |
| *Estate of Robert Badke, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:07-69 | 07-3292 |
| *Fred Hardin v. Merck & Co., Inc., et al.*, C.A. No. 3:07-75 | 07-3293 |
| *Jeffrey Nielsen v. Merck & Co., Inc., et al.*, C.A. No. 3:07-76 | 07-3294 |
| *Juliana Nielsen v. Merck & Co., Inc., et al.*, C.A. No. 3:07-77 | 07-3295 |
| *Jacquelyn Johnson v. Merck & Co., Inc., et al.*, C.A. No. 3:07-78 | 07-3296 |
| *Arthur Shanks v. Merck & Co., Inc., et al.*, C.A. No. 4:07-68 | 07-3297 |
| *Earnestine Hardin v. Merck & Co., Inc., et al.*, C.A. No. 4:07-70 | 07-3298 |
| *Shohla Jaferian v. Merck & Co., Inc., et al.*, C.A. No. 5:07-66 | 07-3299 |
| *Estate of Sandra Ellis v. Merck & Co., Inc.*, C.A. No. 5:07-74 | 07-3300 |
| *Nader Jaferian v. Merck & Co., Inc., et al.*, C.A. No. 5:07-79 | 07-3301 |
| *Randolph Dossett v. Merck & Co., Inc., et al.*, C.A. No. 5:07-80 | 07-3302 |
| *Suzanne Dante v. Merck & Co., Inc., et al.*, C.A. No. 5:07-81 | 07-3303 |

- A2 -

<u>Southern District of California</u>

| | |
|---|---|
| *Genevieve Tadman v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2151 | 07-3304 |
| *Del Rorer v. Merck & Co., Inc., et al.*, C.A. No. 3:07-10 | 07-3305 |
| *Carol Krepp v. Merck & Co., Inc., et al.*, C.A. No. 3:07-11 | 07-3306 |
| *Charles Krepp v. Merck & Co., Inc., et al.*, C.A. No. 3:07-12 | 07-3307 |
| *Teresa Rorer v. Merck & Co., Inc., et al.*, C.A. No. 3:07-14 | 07-3308 |
| *Arlene Purvis v. Merck & Co., Inc., et al.*, C.A. No. 3:07-15 | 07-3309 |

<u>Northern District of West Virginia</u>

| | |
|---|---|
| *Helen Jean Anderson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:06-151 | 07-3310 |

<u>Southern District of West Virginia</u>

| | |
|---|---|
| *Paul Noe, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1004 | 07-3311 |
| *Leora Faye Dickens v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1005 | 07-3312 |
| *Madonna Armentrout, etc. v. Rite Aid of West Virginia, Inc.*, C.A. No. 3:06-1058 | 07-3313 |

M008032020



A CERTIFIED TRUE COPY

AUG - 3 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    AUG - 3 2007

LORETTA G. WHYTE
CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 3 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION           MDL No. 1657

## TRANSFER ORDER

**Before the entire Panel**[*]: These motions are brought pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in three actions listed on Schedule A and pending in the Central District of California, the Southern District of California and the Southern District of West Virginia, respectively. Movants ask the Panel to vacate its orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Defendant Merck & Co., Inc., favors inclusion of all actions in MDL No. 1657 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of the actions to the Eastern District of Louisiana for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer of these actions is appropriate for the reasons expressed by the Panel in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

___ Fee_____
___ Process_____
_X_ Dkto_____
___ CtRmDep_____
___ Doc. No._____

---

[*] Judges Heyburn, Motz and Scirica took no part in the disposition of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*      J. Frederick Motz*
Robert L. Miller, Jr.              Kathryn H. Vratil
David R. Hansen                    Anthony J. Scirica*

M008D32022

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION          MDL No. 1657

## SCHEDULE A

EDLA
SEC.L/3

### Central District of California

Michael C. Valle v. Merck & Co., Inc., C.A. No. 2:07-837          07-1620

### Southern District of California

Ben Orpilla v. Merck & Co., Inc., et al., C.A. No. 3:06-2162          **07-3978**

### Southern District of West Virginia

Donald Brumfield, et al. v. Merck & Co., Inc., C.A. No. 5:07-89          07-1407

M006D32023

**MDL 1 6 5 7**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 1 7 2007

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**

George Williams, et al. v. Merck & Co., Inc., et al., )
D. South Carolina, C.A. No. 2:07-1486    )
George David Murphy v. Merck & Co., Inc., et al., )
S.D. Florida, C.A. No. 9:07-80509    )

MDL No. 1657

### TRANSFER ORDER

**Before the entire Panel**[*]:  Plaintiffs in these two actions move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in MDL No. 1657. Defendant Merck & Co., Inc., opposes the motions.

After considering all counsel's argument, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of these actions to the Eastern District of Louisiana for inclusion in MDL No. 1657 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. See In re Vioxx Products Liability Litigation, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

The parties can present any pending motions for remand to state court to the transferee judge. See, e.g., In re Ivy, 901 F.2d 7 (2d Cir. 1990); In re Prudential Insurance Company of America Sales Practices Litigation, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judges Heyburn and Motz took no part in the disposition of this matter.

**OFFICIAL FILE COPY** IMAGED OCT 1 7 2007

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*          J. Frederick Motz*
Robert L. Miller, Jr.                  Kathryn H. Vratil
David R. Hansen                        Anthony J. Scirica

M08D32025



A CERTIFIED TRUE COPY

ATTEST

By April Layne on Feb 11, 2008
_____
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   **FEB 11** 2008

UNITED STATES JUDICIAL PANEL
MULTIDISTRICT LITIGATION

LORETTA G. WHYTE
CLERK

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Feb 11, 2008**

FILED
CLERK'S OFFICE

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

MDL No. 1657

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in the six actions listed on Schedule A move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in MDL No. 1657. Defendant Merck & Co., Inc., opposes the motions.

After considering all counsel's argument, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of these actions to the Eastern District of Louisiana for inclusion in MDL No. 1657 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

The parties can present any pending motions for remand to state court to the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

---

[*] Judges Heyburn and Motz took no part in the disposition of this matter.

___Fee _____
___Process _____
_X_Dktd _____
___CtRmDep_____
___Doc. No._____

**IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**                    MDL No. 1657

## SCHEDULE A

EDLA
SEC.L/3

#### District of Alaska

Mary M. Charles, etc. v. Merck & Co., Inc., et al., C.A. No. 4:07-21                    08-955

#### Northern District of Mississippi

Cecelia Jensen, etc. v. Merck & Co., Inc., et al., C.A. No. 4:07-166                    08-956
Charles Erving, et al. v. Merck & Co., Inc., et al., C.A. No. 4:07-169                    08-957

#### Southern District of Mississippi

Dianne Dalton, et al. v. Merck & Co., Inc., C.A. No. 3:07-576                    08-958

#### Eastern District of New York

Sergei Chepilko v. Merck & Co., Inc., C.A. No. 1:07-4098                    08-959

#### Southern District of New York

The People of the State of New York, et al. v. Merck & Co., Inc., C.A. No. 1:07-8434                    08-960

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

DEC 0 6 2004

Michael N. Milby, Clerk of Court

|  |  |  |
|---|---|---|
| JEFFREY L. DENNY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-526 |
| | § | |
| MERCH & CO., INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY
## ALL PROCEEDINGS PENDING TRANSFER DECISION
## BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

This VIOXX claim has already generated a considerable amount of pretrial wrangling and procedural posturing. Plaintiffs Jeffrey and Molly Denny (collectively, "Plaintiffs") allege that Jeffrey Denny suffered personal injuries as a result of ingesting VIOXX. They filed suit in the 239th Judicial District Court in Brazoria County on May 29, 2003. Merck & Co., Inc. ("Merck") removed the case to this Court on September 11, 2003. This Court *sua sponte* transferred the case to the Tyler Division of the Eastern District of Texas on November 14, 2003. The Honorable Leonard Davis of the Eastern District of Texas remanded the case back to the Brazoria County state court. Merck removed the case back to this Court on August 31, 2004. Now before the Court is Merck's Motion to Stay All Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation. For the following reasons, the Motion is **GRANTED**.

VIOXX is a painkiller often prescribed for arthritis patients. On September 30, 2004, Merck voluntarily withdrew VIOXX from the market because of evidence indicating it created a higher risk

-1-

M008D32027

of heart attack and stroke. Since Merck announced the withdrawal, a veritable avalanche of VIOXX claims have been filed in federal district courts all over the country. Indeed, one cannot watch daytime television or read a newspaper without seeing lawyers advertising for VIOXX patients. Given the explosion in VIOXX litigation over the past couple of months, it is inevitable to this Court that the Judicial Panel on Multidistrict Litigation ("MDL") will eventually consolidate these claims.

Plaintiffs argue that a stay is inappropriate because 28 U.S.C. § 1407, the statute authorizing transfer to the MDL for consolidation, does not expressly grant federal district courts the power to stay proceedings prior to transfer. Plaintiffs may be correct, but that avails them nothing. The power to stay is well established and particularly apt here. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). It would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL. Moreover, both sides will benefit by having a court familiar with the complex issues that arise in pharmaceutical claims.

Accordingly, Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation is hereby GRANTED. This case is administratively closed until the MDL issues its ruling.

IT IS SO ORDERED.

DONE this 3rd day of December 2004, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

-2-

M008D32028

Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————x
EVERARDO S. AGUILAR,

                                    Plaintiff,          **MEMORANDUM AND ORDER**

                -against-                               **05-CV-4865 (SJ)**

MERCK & CO., INC., et al.,

                                    Defendants.
————————————————————————x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is an application by defendant Merck & Co., Inc.

("defendant" or "Merck") to stay this action pending a decision by the Judicial Panel on

Multidistrict Litigation ("the MDL Panel") whether to transfer the case as a "tag-along" action to

In re VIOXX Products Liability Litigation, MDL No. 1657, an MDL action pending in the

Eastern District of Louisiana. Plaintiff Everardo S. Aguilar ("plaintiff" or "Aguilar") has

consented to stay discovery only, has cross-moved to remand the case to state court and opposes

any stay of that motion.

For the reasons that follow, defendant's motion to stay this action is granted in its

entirety, and the motion to remand is deferred until the issue of transfer is resolved by the MDL

Panel.

————————————————    **BACKGROUND**    ————————————————

On September 21, 2005, plaintiff commenced this action in New York State Supreme

Court, Queens County, against Merck (the manufacturer of the prescription drug Vioxx) and a

series of medical providers who are alleged to have improperly prescribed Vioxx to plaintiff.

Merck removed the action to this Court on October 17, 2005, on the basis of diversity

M008D3O030

jurisdiction, contending that the non-diverse medical providers were fraudulently joined in order to defeat diversity jurisdiction.

On October 31, 2005, Merck moved to stay all further proceedings in this district pending a decision by the MDL Panel on whether the case should be transferred to the MDL Court in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407.[1] On November 7, 2005, the MDL Panel issued its thirtieth conditional transfer order of tag-along cases, which, absent an objection within 15 days, would transfer this case and others to the MDL Court. See 11/15/05 Letter to the Court from Vilia B. Hayes and Conditional Transfer Order (CTO-30), appended thereto.[2] That same day, plaintiff moved in this district to remand the instant action to state court. See Memorandum of Law in Support of Plaintiff's Motion for an Order Remanding this Matter to State Court ("Pl. Mem."). Plaintiff resists having the remand motion deferred until after the MDL Panel has transferred the case. See id. at 5-7; Plaintiff's Partial Opposition to Merck's Motion for Stay.

## DISCUSSION

As plaintiff correctly contends (see Pl. Mem. at 5), the pendency of a request to transfer a case to an MDL proceeding does not divest the transferor court of the authority to resolve a motion to remand the case to state court. See, e.g., JPML R. 1.5; Evans v. Merck & Co., Inc.,

---

[1] The MDL Panel established the MDL proceeding on February 16, 2005. See In re VIOXX Prods. Liab. Litig. (MDL 1657), 360 F.Supp.2d 1352 (J.P.M.L. Feb. 16, 2005). To date, more than 2,500 cases have been transferred to or filed directly in the MDL proceedings. See Memorandum of Law in Support of Motion of Defendant Merck & Co., Inc. to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation at 3.

[2] This Court has no information as to whether plaintiff has filed with the MDL Panel an objection to transfer.

-2-

M008D32031

No. 05-1323-T/AN, 2005 WL 3008643, at *1 (W.D. Tenn. Nov. 9, 2005). Even after the MDL

Panel has issued a conditional transfer order, the transferor court retains the discretion to grant or

deny a motion to stay consideration of a jurisdictional challenge. See id.; North v. Merck & Co.,

Inc., No. 05-CV-6475L, 2005 WL 2921638, at *1 (W.D.N.Y. Nov. 4, 2005). The jurisdiction of

the transferor court does not end until the order of the MDL Panel transferring the case has been

filed with the MDL Court. See David F. Herr, Annotated Manual for Complex Litigation §

20.131 (4th ed. 2004) (hereinafter "Manual for Complex Litigation").

In connection with the Vioxx litigation, the MDL Panel has expressly observed that "[t]he

pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in

Section 1407 proceedings." In re VIOXX Prods. Liab. Litig., 360 F.Supp.2d 1352, 1354

(J.P.M.L. Feb. 16, 2005). Indeed, in establishing the Vioxx MDL, the Panel transferred to the

MDL Court two actions with pending motions to remand to state court. See id. at 1353-54.

According to the MDL Panel, the motions to remand in those two cases, "as well as in any other

MDL-1657 actions[,] can be presented to and decided by the transferee judge." Id. at 1354

(citing In re Ivy, 901 F.2d 7 (2d Cir. 1990)).

The Panel's decision is consistent with the law in the Second Circuit, where the

"preferable practice" in MDL litigation is to allow the transferee court to resolve jurisdictional

issues that implicate common questions of law and fact arising in numerous cases. Medical

Soc'y v. Conn. Gen. Corp., 187 F.Supp.2d 89, 91 (S.D.N.Y. 2001) (citing Ivy, 901 F.2d 7); see,

e.g., North, 2005 WL 2921638, at *1 (noting, in Vioxx case, that the Second Circuit has adopted

the "general rule" of deferring decisions on remand motions until after the MDL Panel has

transferred the case); DeBono v. American Home Prods. Corp., No. 04 Civ. 3810(DC), 2005 WL

-3-

2601177, at *1 (S.D.N.Y. Nov. 16, 2004) ("[T]he Second Circuit has observed that an MDL Court is often best suited to resolve remand motions, especially when the issues involved are likely to recur."). As the Second Circuit observed in Ivy, where the jurisdictional issue "is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation," and "involves common questions of law and fact," "[c]onsistency as well as economy is . . . served" by having the jurisdictional objections "heard and resolved by a single court . . . ." Ivy, 901 F.2d at 9; see Manual for Complex Litigation § 20.131 ("[T]he pendency of motions raising questions common to related actions can itself be an additional justification for transfer.").

The aforesaid general rule should be followed in the instant case. Merck has challenged the joinder of doctors and/or pharmacies in other Vioxx cases in this circuit, and the plaintiffs' motions to remand have been deferred until after transfer to the MDL litigation, on the ground that "the issues raised in plaintiff's remand motion are not unique to this case." North, 2005 WL 2921638, at *2; Krieger v. Merck & Co., Inc., No. 05-CV-6338L, 2005 WL 2921640, at *2 (W.D.N.Y. Nov. 4, 2005); see also Evans, 2005 WL 3008643, at *1 ("[T]he jurisdictional issues raised in this case are similar to those raised in other [Vioxx] cases that have been or will be transferred to the MDL proceeding."); Walker v. Merck & Co., Inc., No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) ("[I]t is almost certain that the transferee court will hear and decide many of the same issues Plaintiffs ask this Court to tackle in ruling on their motion to remand."). To be sure, a number of Vioxx decisions from outside this circuit have

-4-

M008D032033

resolved remand motions prior to the MDL Panel's decision on transfer.[3] Nevertheless, "there

are many more that have chosen to grant a stay," Evans, 2005 WL 3008643, at *1 (collecting

cases), including the two decisions from within this circuit. North, 2005 WL 2921638; Krieger,

2005 WL 2921640, at *2 (granting stay and noting that courts around the country have stayed

Vioxx cases "pending their transfer to the MDL, including more than 125 with pending remand

motions."); see, e.g., West v. Merck & Co., Inc., No. 05-1166-T/AN, 2005 WL 1630034 (W.D.

Tenn. July 7, 2005); Walker, 2005 WL 1564839. Moreover, at a proceeding in the Vioxx MDL

litigation, Judge Eldon B. Fallon, the district judge presiding over the MDL proceeding,

expressly acknowledged the advantages of having a single judge decide the many motions to

remand, and he assured the parties that he would deal with the motions "as quickly as possible . .

. ." Transcript of 6/23/05 Status Conference in In re VIOXX Prods. Liab. Litig., at 21 (appended

as Exhibit A to the Declaration of Vilia B. Hayes dated 11/22/05 ["Hayes Decl"]).

     Having considered these decisions and the parties' arguments, this Court concludes "that

having the jurisdictional issues decided in one proceeding will promote judicial economy and

conserve judicial resources," Evans, 2005 WL 3008643, at *2, and will minimize "the risk of

inconsistent rulings . . . ." North, 2005 WL 2921638, at *2 n.2 (quoting Purcell v. Merck & Co.,

No. 05 CV 0443-L(BLM), slip. op. at 4-5 (S.D. Cal. June 6, 2005) (Hayes Decl. Ex. B)); see

North, 2005 WL 2921638, at *2 ("I agree with Merck that the objectives of the MDL process–

namely the avoidance of inconsistent rulings and the conservation of judicial resources–are best

---

[3] See, e.g., Plubell v. Merck & Co., Inc., No. 05-0831-CV-W-HFS, 2005 WL 2739036 (W.D.
Mo. Oct. 20, 2005); Rabe v. Merck & Co., Inc., Nos. Civ. 05-363-GPM, 05-378-GPM, 2005 WL
2094741 (S.D. Ill. Aug. 25, 2005); Kantner v. Merck & Co., Inc., No. 1:04CV2044-JDT-TAB,
2005 WL 277688, at *3 (S.D. Ind. Jan. 26, 2005).

M008D32034

met by allowing the MDL Court to decide plaintiff's motion to remand."). "[A]ny prejudice to the plaintiff resulting from a stay would be minimal," Evans, 2005 WL 3008643, at *2, and "does not outweigh the judicial economy interests" served by granting a stay. Walker, 2005 WL 1565839, at *2; see North, 2005 WL 2921638, at *2; Krieger, 2005 WL 2921640, at *2. Therefore, Merck's motion for a stay is granted in its entirety.

CONCLUSION

For the foregoing reasons, Merck's motion to stay this proceeding pending the MDL Panel's decision on transfer is granted and plaintiff's cross-motion to remand is deferred until the issue of transfer has been resolved.

**SO ORDERED.**

Dated:    Brooklyn, New York
          November 22, 2005

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

-6-

M008D32035

Exhibit E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IN THE MATTER OF CIVIL ACTIONS AGAINST
MERCK & CO., INC., AS LISTED IN
ATTACHMENT 1                                    ORDER TO STAY
_____

     Defendant Merck & Co., Inc. ("Merck") removed these 11 negligence and products liability

actions from New York State Supreme Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A list

of these 11 actions (identified in order of the WDNY civil docket number) is attached to this Order.

     Plaintiffs, who are represented by same law firm, allege claims against Merck concerning the

manufacture, sale, and distribution of the prescription drug Vioxx. Plaintiffs also named as

defendants a number of New York corporations that operate pharmacies throughout the State. In its

notices of removal, however, Merck argued that the pharmacy defendants were fraudulently joined

because no reasonable basis exists for plaintiffs' negligence and products liability claims against

them.

     Merck has filed motions to stay the actions pending the issuance of conditional orders by the

Judicial Panel on Multidistrict Litigation ("JPML") transferring the cases as "tag-along" actions to

*In re Vioxx Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, an MDL

action that has been established in the Eastern District of Louisiana.[1]

     For the reasons set forth in this Court's Decision and Order in two other nearly identical

_____

   [1] On February 16, 2005, the Panel transferred 138 civil actions to the MDL, which
involve common questions of fact concerning the alleged increased health risks associated with
the anti-inflammatory drug, Vioxx. Since that time, more than 3,000 additional actions have
been transferred to the MDL, and it appears that the number continues to grow.

M008D32037

actions, *North v. Merck*, 2005 WL 2921638 (W.D.N.Y. Nov. 4, 2005) and *Krieger v. Merck*, 2005

WL 2921640 (W.D.N.Y. Nov. 4, 2005), I find that Merck's motions to stay should be granted in

these 11 cases as well.  The objectives of the MDL process, that is the avoidance of inconsistent

rulings and the conservation of judicial resources, are best met by allowing the MDL court here to

resolve any issues regarding whether these actions were properly removed.

**CONCLUSION**

Merck's motions to stay (Dkts.#4) are **GRANTED**.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 1, 2006.

2

M00BD32038

ATTACHMENT 1

| | |
|---|---|
| Campbell v. Merck & Co., Inc., et al | 05-CV-6740L |
| Paterniti v. Merck & Co., Inc., et al | 06-CV-6065L |
| Adams v. Merck & Co., Inc., et al | 06-CV-6066L |
| Grace v. Merck & Co., Inc., et al | 06-CV-6067L |
| Stroka v. Merck & Co., Inc., et al | 06-CV-6068L |
| Stenzel v. Merck & Co., Inc., et al | 06-CV-6069L |
| Porter v. Merck & Co., Inc., et al | 06-CV-6070L |
| Ciura v. Merck & Co., Inc., et al | 06-CV-6074L |
| Lukasik v. Merck & Co., Inc., et al | 06-CV-6075L |
| Yates v. Merck & Co., Inc., et al | 06-CV-6096L |
| Dempsey v. Merck & Co., Inc., et al | 06-CV-6097L |

M00BD3C039

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of April, 2008, I caused a copy of the foregoing NOTICE OF MOTION OF DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, DECLARATION OF VILIA B. HAYES and MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION to be served via first-class mail, postage prepaid, on the following:

Ronald R. Benjamin, Esq.
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902

The above addresses have appeared on the prior papers in this action as the office address of the attorneys for Plaintiff.

Deponent is over the age of 18 years and not a party to this action.

I further certify under penalty of perjury that under the laws of the United States of America the foregoing is true and correct.

Executed on April 4, 2008

Vilia B. Hayes